## J. A. CLARK v. JOHN SWEANEY.

(Filed 27 November, 1918.)

1. **Principal and Agent — Evidence—Nonsuit—Questions for Jury—Trials—Automobiles.**

In this action against the owner of an automobile to recover damages for an injury caused by the negligent driving of his son, the evidence tending to show that the son was driving his mother, the defendant's wife, at the time; that he usually did this, to the knowledge of the defendant, whose consent was not necessary to be procured; it is *Held,* that with the other evidence appearing in the record and passed upon on the former appeal, there was sufficient to take the case to the jury upon the defendant's liability, as principal, for the negligence of his son; and defendant's motion to nonsuit should have been denied.

34—176

## 2. Evidence—Nonsuit—Defendant's Evidence.

Upon defendant's motion to nonsuit upon the evidence, the credibility of his evidence is for the jury, and the motion should be denied if there is sufficient evidence to take the case to the jury, when considered in the light most favorable to the plaintiff.

APPEAL by plaintiff from *Bond, J.,* at June Term, 1918, of DURHAM.

This is an action for damages from being run into and knocked down by defendant's automobile while attempting to cross Main Street near the business center of Durham.

At the close of the evidence for defendant the court stated that it would charge the jury that if they believed the evidence and found the facts to be as they tended to show, the jury would answer the first issue "No." In deference to this intimation, the plaintiff submitted to a judgment of nonsuit and appealed.

*Brawley & Gantt and Scarlett & Scarlett for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARK, C. J. This case was before us on appeal from a nonsuit at close of plaintiff's evidence, which the Court reversed, 175 N. C., 280. On the second trial the evidence for the plaintiff was substantially the same and, in compliance with our former ruling, the case should have been submitted to the jury. On a motion for nonsuit, the evidence for the defendant could not take from the plaintiff this right, for the evidence must be taken in the light most favorable to him; in fact, there is in the evidence for the defendant something that strengthens the testimony for the plaintiff which alone was heard on the other trial. The chauffeur testified, "I would always take my mother when she asked me to go. I did not drive my father's car a great deal. My father never complained at any time about my mother and me taking off his car." The defendant's wife testified, "I did not ask Doctor (her husband) for the car. He always lets me have anything he has. I do not have to ask for it; it is not necessary." She further testified, "I do not remember saying anything to the doctor about his car. I said we were going out; that we would be back directly. Fred (her son, who was driving the car) took the car out when Doctor first got it and learned how to run it."

The pleadings admit that the automobile was owned by the defendant, Dr. John Sweaney, and that his wife was in the car at the time of the injury, and that their son Fred was driving the car. From this evidence the jury could well draw the inference that at the time of the injury to the plaintiff the son was acting as agent for his father, and "was about

his master's business." *Moon v. Matthews,* 29 L. R. A. (N. S.), 856; *Stowe v. Morris,* 39 L. R. A. (N. S.), 24.

When this case was presented before, the Court said (175 N. C., 281) that the admission that the automobile was owned by the defendant, that his wife was being conveyed in the machine at the time of the injury, and the evidence that the defendant directed his son to take the plaintiff home, was sufficient to submit the case to the jury, for "the natural presumption is that one who is employed in operating an automobile is doing so in the service of the owner, especially when the passenger in the machine is 'the owner's wife. *Long v. Neut,* 123 Mo., 204, citing *Moon v. Matthews,* 29 L. R. A. (N. S.), 856."

We have now the additional evidence of the son, as above stated, that he was in the habit of taking his mother out in the machine whenever she wished to go, and that his father had never complained at any time of his doing so, and the testimony of his mother that she did not deem it necessary to ask the husband for the car, because he always let her have anything he had, and that on this occasion she told him that she and her son were going out, but would be back directly, and that her son had taken the car out when the doctor first got it and learned how to run it. The testimony for the defendant that his son was not his agent is for the consideration of the jury, but cannot be taken as true upon a motion for nonsuit.

On the former hearing it was pointed out that *Linville v. Nissen,* 162 N. C., 95, relied upon by the defendant, was not in point because in that case the evidence was that though the owner's son was operating the machine he was not doing so with the knowledge or at the instance of the owner, but in violation of the owner's orders and without his knowledge, and it was further pointed out that *Linville v. Nissen* was not a nonsuit, and that this Court had held that the evidence for the defendant should have been submitted to the jury with an instruction that the owner would not be responsible for the tort of his son if acting without the owner's authority and wholly for the defendant's own purposes and in pursuit of his private or personal ends.

Error.