JOSEPH BILYEU v. MRS. FLORENCE BECK.

(Filed 19 November, 1919.)

**Negligence—Automobiles—Parent and Child—Principal and Agent—Motions —Evidence—Nonsuit—Trials.**

In order to recover of the owner of a car damages caused by his daughter driving it at the time of the injury, there must be evidence that the

daughter, experienced therein and more than twenty-one years of age, was acting as the agent of her father at that time, and where the evidence tends only to show that the daughter was acting solely for herself, and not in any manner for her father, the latter may not be held liable in damages; and a motion as of nonsuit is properly allowed.

APPEAL by plaintiff from *Shaw, J.,* at the May Term, 1919, of MOORE.

This is an action to recover damages for personal injury, alleged to have been caused by the negligence of the defendant.

The plaintiff was riding a bicycle along a public road on 23 March, and was injured by being run over by an automobile, driven by the daughter of the defendant, who was over twenty-one years of age, and an experienced driver.

The plaintiff examined the defendant before the trial under section 864, *et seq.,* of the Revisal, and this examination was introduced in evidence on the trial to prove that the defendant was the owner of the car.

The defendant was not in the car at the time of the injury, and there is no evidence that the car was being used on any business or mission of the defendant.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Hoyle & Hoyle, G. H. Humber, and L. B. Clegg for plaintiff.*
*U. L. Spence for defendant.*

ALLEN, J. The evidence of the negligence of the daughter, who was driving the automobile, is not satisfactory, but conceding that it was sufficient to be submitted to the jury, and also that there is evidence that the defendant was the owner of the automobile, these facts alone would not establish the liability of the defendant for the injuries which the plaintiff has sustained.

This was expressly decided in *Linville v. Nissen,* 162 N. C., 99, where it is said, "The owner of an automobile is not liable for personal injuries caused by it merely because of his ownership"; and, again, "Even if the son had been the servant of his father in driving the machine, the father would not be liable for his negligence unless his son was at the time acting in the scope of his employment and in regard to his master's business."

The responsibility of the parent for the negligence of the child of mature years, and of experience as a driver, is not dependent on the ownership of the machine, but upon the principles of agency, express or implied, and in this case there is no evidence that the daughter was on any mission or performing any service for the defendant, her mother.

The two cases on which the plaintiff chiefly relies, *Williams v. May,* 173 N. C., 78, and *Wilson v. Polk,* 175 N. C., 490, are easily distinguishable.

In the first, it was in evidence that the father bought a car for the use of his family, and employed one Orendorff to teach his minor child to run it, and while in this employment the plaintiff was injured, and in the second, there was evidence that the owner was in the car at the time of the injury, and that it was going on a mission to her farm for her.

In our opinion, the motion for judgment of nonsuit was properly sustained.

Affirmed.