J. H. REICH v. BERNARD M. CONE.

(Filed 4 November, 1920.)

**Employer and Employee—Master and Servant—Scope of Employment— Negligence—Automobiles.**

The owner of an automobile, who has lent it to his servant who used it for his own purposes, is not liable in damages for the servant's negligence, when it appears that the servant was competent to drive the car, and was not engaged, at the time, in his employer's service.

APPEAL by defendant from Ray, J., at May Term, 1920, of FORSYTH.

This is an action for damages sustained by plaintiff's automobile caused by defendant's automobile while being driven by one Clay Horn. The defendant admitted the ownership of the automobile, and there was evidence for the plaintiff that her automobile was injured by the negligence of the driver of the defendant's car, causing the collision.    The evidence for the defendant is that at the the time of the collision his car was being driven by his butler, to whom he had loaned it while off duty; the said butler was not his chauffeur, but he had another man for that duty; that Clay Horn was using the car for no purpose of the defendant, and was not in his employment at the time, but was using it solely in his own business and for his own pleasure; that Horn had worked for him for about three years, and he had loaned him the car 5 or 6 times; that he did not permit Horn to use the car whenever he wanted it, but had loaned it to him only on a few occasions, and had refused to lend it to him at several other times.    There was evidence that Clay Horn had taken lessons in driving automobiles, and was not an incompetent driver.

John C. Wallace and R. M. Robinson for plaintiff.
J. S. Duncan for defendant.

CLARK, C. J.   The court instructed the jury that the defendant, upon his own evidence, was "responsible for the negligence of the man who was driving his automobile, Clay Horn, provided the jury found that the collision was caused by the negligence of Clay Horn, as alleged, and that such negligence was the proximate cause of damage to the plaintiff's automobile."   This was error.

In *Linville v. Nissen,* 162 N. C., 99, the Court said:   "The owner of an automobile is not liable for personal injuries caused by it merely because of his ownership"; and, again, "Even if the son had been the servant of his father in driving the machine, the father would not be liable for his negligence unless the son was at the time acting in the scope of his employment, and in regard to his master's business."   This was quoted and approved in *Bilyeu v. Beck,* 178 N. C., 482, *Allen, J.,* saying that the responsibility where the driver, though a child of the owner, is of mature years and experienced as a driver, is not dependent upon the ownership of the machine, but upon the principle of agency, express or implied, and distinguished those cases where the car is bought and being used for family purposes, when the injury occurs.  See, also, *Clark v. Sweaney,* 176 N. C., 529.

When a motor car is used by one to whom it is loaned for his own purposes, no liability attaches to the lender unless, possibly, when the lender knew that the borrower was incompetent, and that injury might occur.   *Armstrong v. Sellars,* 182 Ala., 582; *Erlick v. Heis,* 192 Ala., 669; *Campbell v. Arnold,* 219 Mass., 160; *Levyn v. Koppin,* 183 Mich., 232; *Freidbaum v. Brady,* 128 N. Y., 121 (in which case the car was being driven by the owner's chauffeur to whom it was loaned); *Smith v. Burns,* 71 Ore., 133; 29 Cyc., 39.

In *Thorp v. Minor,* 109 N. C., 152, it was held that where one loaned a horse to his clerk to use for his own purposes, and by his negligence the horse was left unhitched, and, running away, caused damage, the owner was not liable, the clerk while using the horse not being in the lender's employment or using it for his purposes.