J. R. FREEMAN v. J. A. DALTON.

(Filed 17 May, 1922.)

1. **Negligence—Evidence—Questions for Jury—Trials—Automobiles.**

Where damages for the negligent driving of an automobile is sought in the action, evidence that another was driving the owner's car at the time, in pursuance of his duties as defendant's employee, or about the defendant's business, at excessive speed upon the wrong side of a street, and caused damage to the plaintiff, riding in the opposite direction on his motorcycle, where he had the right to be, is sufficient to take the case to the jury.

2. **Same—Burden of Proof—Appeal and Error.**

In an action to recover damages, caused to the plaintiff by the alleged negligent driving of the defendant's automobile, where the evidence is conflicting as to the ownership of the automobile or whether the driver

was at the time engaged in the business of the defendant, the making out of a *prima facie* case for the plaintiff does not raise a legal presumption of negligence, or cast upon the defendant the burden of disproving by the preponderance of the evidence his ownership, or that the machine was not being operated in his business, or shift the burden of the issue from the plaintiff, but raises only an inference upon which the jury may find the issue in the plaintiff's favor.

**3. Evidence—Automobiles—License Plates—Ownership.**

Where the ownership of an automobile, causing damage to another by the negligent operation of its driver, is in question in the action, the license number or plate indicating that the defendant was the owner is competent as a circumstance tending to show his ownership, with other proof thereof.

APPEAL by defendant from *Harding, J.,* at February Term, 1922, of FORSYTH.

This action was brought to recover damages for injuries alleged by the plaintiff to have been caused by the negligence of the defendant, and tried in Forsyth County Court at the May Term, 1921. From the judgment of the latter court appeal was taken to Forsyth Superior Court, which affirmed the said judgment.

The specific allegations of the plaintiff were that in September, 1920, the plaintiff was the owner of a motorcycle, and the defendant Dalton was at that time the owner of a seven-passenger Studebaker touring car, which was being driven by one Boyd Samuels, the agent of said defendant. The plaintiff was riding his motorcycle through Waughtown, a suburb of Winston-Salem, N. C., coming towards Winston-Salem, and running along his right-hand side of the road at the rate of about three miles an hour, and the automobile of Dalton was going in the opposite direction at the rate of about thirty miles an hour, being driven by one Samuels, who was at that time the agent of the defendant Dalton, and using the automobile in the business of Dalton. The automobile of the defendant was being driven along the wrong side of the road at the rate of about thirty miles an hour, and recklessly run into the motorcycle of the said plaintiff, throwing the plaintiff to the ground and injuring him and practically demolishing his motorcycle.

The defendant denied these allegations and alleged that the automobile was not owned by him, but by his wife, and was, at the time of the injury, being used by the Interurban Motor Line, of which the defendant J. A. Dalton was manager, the automobile having been loaned temporarily by Mrs. Dalton to the motor line for the purpose of carrying some passengers to Winston-Salem. That on the driver's return, and as he was passing through Waughtown, a suburb of Winston-Salem, running along the right-hand side of the road at a moderate rate of speed, and while he was in the act of passing some trucks which were

parked on his right-hand side, the plaintiff J. R. Freeman suddenly and without any warning to the defendant rode out from between two of these trucks into the street and directly in front of the automobile driven by Boyd Samuels; that observing the dangerous condition created by the plaintiff, Samuels applied his brakes and cut the automobile to the left in an effort to avoid the collision, but that in spite of his efforts there was a collision, from which plaintiff received personal injuries, and from which damage resulted to the motorcycle.

The court charged the jury as follows: "Three issues are submitted to you for the decision of the case. The first issue reads: 'Was the defendant the owner of the automobile which collided with the plaintiff, and was the automobile being used in the business of the defendant?' The burden is on the plaintiff Freeman to satisfy you by the greater weight of the evidence that such was the case. If he has so satisfied you, you will answer the issue 'Yes,' otherwise 'No.' I will say, however, that if the plaintiff Freeman has satisfied you by the greater weight of the evidence that the defendant Dalton was the owner of this automobile, which collided with the plaintiff, that Dalton was at that time the owner of it, the fact that he was the owner would raise the presumption that the automobile was being used in his business, and in that event, that is, if the plaintiff Freeman has satisfied you that Dalton was the owner of the automobile, then the burden would be put on Dalton to show by the greater weight of the evidence that although he was the owner of the automobile, it was not being used in his business. So, if you find that Dalton was the owner of the automobile at that time, you would answer the issue 'Yes,' unless Dalton has satisfied you by the greater weight of the evidence that it was not being used in his business at the time of the collision."

The defendant duly excepted to the charge as above set forth, and to each part of it.

There was evidence on the question of negligence by the defendant, the two acts of negligence alleged being that Samuels, the chauffeur, was driving in excess of twenty-five miles an hour, and that he drove to the left instead of to the right of the open space in the road.

The jury rendered a verdict in favor of the plaintiff; judgment for him, and defendant appealed to the Superior Court, which affirmed the judgment of the county court, and defendant then appealed to this Court.

*W. T. Wilson and Wallace & Cohen for plaintiff.*
*H. M. Ratcliff and Holton & Holton for defendant.*

WALKER, J., after stating the case: The first question is whether the learned judge was correct in charging the jury that if they found by

the greater weight of the evidence that the defendant was the owner of the automobile which collided with the plaintiff's motorcycle, this fact would raise a presumption that the automobile was being used in the plaintiff's business, and in that event the burden would be on Dalton to show by the greater weight of the evidence that although he was the owner of the automobile, it was not being used in his business. This instruction placed the burden on the defendant, not only to prove, if he was the owner of it, that the automobile was not used in his business, but to establish it by preponderance or the greater weight of the evidence, whereas the burden of the issue was upon the plaintiff throughout the case not only to show that the defendant was the owner of the automobile but that it was, at the time, being used in his business. The defendant had not pleaded any separate or independent defense, but his answer contained solely a denial of the allegations of the complaint, and therefore did not shift the burden of the issue to the defendant, and require him to show affirmatively, and by the greater weight of the evidence, that while he was the owner, the automobile was not being used in his business. The evidence in the case did make out a *prima facie* case for the plaintiff, and entitled him to have the case submitted to the jury without further proof. This is what, we think, was held in *Clark v. Sweaney,* 176 N. C., 529, at pp. 530 and 531, where the evidence was stronger against the defendant than it is here. It was said by the Court there: "The pleadings admit that the automobile was owned by the defendant, Dr. John Sweaney, and that his wife was in the car at the time of the injury, and that their son Fred was driving the car. From this evidence the jury could well draw the inference that at the time of the injury to the plaintiff the son was acting as agent for his father, and 'was about his master's business,'" citing *Moon v. Matthews,* 29 L. R. A. (N. S.), 856; *Stowe v. Morris,* 39 L. R. A. (N. S.), 24.

This does not decide that any presumption was raised "that the son was acting as agent of his father and about his father's business," but that the jury would be warranted in drawing an inference therefrom that such was the case, without further proof being offered by the plaintiff, or appearing in the case. And in *Linville v. Nissen,* 162 N. C., 95, at p. 102, we held as follows: "The plaintiff must not only show that the person in charge was defendant's servant, but the further fact that he was at the time engaged on the master's business. Evidence of the mere ownership of the machine is insufficient. To the same effect is *Sarver v. Mitchell,* 35 Pa. Sup., 69, and numerous cases there cited."

This view of the case keeps it in line with *White v. Hines,* 182 N. C., 275; *Page v. Mfg. Co.,* 180 N. C., 335; *Shepard v. Tel. Co.,* 143 N. C., 244, and the many other authorities cited in *White v. Hines, supra.* There may be a presumption that the car was being used in the defend-

ant's business, but it is not a presumption of law, but one of fact, and it does not shift the burden of the issue to the defendant, in the sense that he must rebut the presumption, or disprove the allegation, that the car was being used in his business, by the greater weight of the evidence. It merely is, in itself, evidence of the fact, and carries the case to the jury. This is fully discussed and explained in *White v. Hines, supra,* and the cases cited therein, where it is said that if the *prima facie* case be called a presumption, the presumption is only evidence for the consideration of the jury and does not change or shift the burden of the issue. *Justice Adams* said in *White v. Hines, supra,* at p. 288: "Such *prima facie* case does not necessarily establish the plaintiff's right to recover. Certainly, it does not change the burden of the issue. The defendant may offer evidence or decline to do so at the peril of an adverse verdict. If the defendant offer evidence the plaintiff may introduce additional evidence, and the jury will then say whether upon all the evidence the plaintiff has satisfied them by its preponderance that he was injured by the negligence of the defendant." And summing up, he further said: "In all instances of this character, after the plaintiff has established a *prima facie* case of negligence, if no other evidence is introduced, the jury will be fully warranted in answering the issue as to negligence in favor of the plaintiff, but will not be required to do so as a matter of law. When such *prima facie* case is made, it is incumbent upon the defendant to offer proof in rebuttal of the plaintiff's case, but not to the extent of preponderating evidence. The defendant, however, is not required as a matter of law to produce evidence in rebuttal; he may decline to offer evidence at the peril of an adverse verdict. If he offer evidence, the plaintiff may introduce other evidence in reply, and the jury will finally determine whether the plaintiff is entitled by the greater weight of all the evidence to an affirmative answer to the issue; for throughout the trial the burden is upon the plaintiff to show by the greater weight of the evidence that he is entitled to such answer." *White v. Hines, supra,* has been approved in two cases decided at this term to the same effect, and which make clear the error in the charge to the jury as to the presumption that the automobile was being used in the business of the defendant. *Harris v. Mangum, ante,* 235, and *Cotton Oil Co. v. R. R., ante,* 95. Referring to the nature of the proof and the effect of it in making a *prima facie* case, *Justice Adams* said in *Harris v. Mangum, supra:* "In some of the decisions the word 'presumption' seems unfortunately to imply the right of the plaintiff to recover unless the defendant introduces evidence in rebuttal and to this extent assumes the burden of proof; whereas the 'presumption' is nothing more than evidence to be considered by the jury."

There is evidence in this case upon which the jury could well and reasonably infer that the car belonged to the defendant, and was being operated for him in his business, but the jury should have been allowed to pass upon it and to find the fact without imposing too great a burden upon the defendant to disprove the fact, or to overcome a presumption as to the same fact by the greater weight of the evidence.

The proposition laid down in *Linville v. Nissen,* 162 N. C., at pp. 102 and 103, finds support in what is said by Huddy on Automobiles, sec. 283; *Lotz v. Hanlen,* 60 Atl., 525 (10 Anno. Cases, 731).

We do not see why the fact that the defendant's license number or plate on the automobile was not some evidence, or a circumstance, tending to show, with the other proof, his ownership of the car. There was conflicting evidence about it, but this was for the jury, and, in that respect, the county court and the Superior Court ruled correctly. But there was error in the charge, as we have above indicated, which requires another trial of the issues.

New trial.