WALTER HURT, BY HIS NEXT FRIEND, S. A. HURT, v. WESTERN CARO-
LINA POWER COMPANY AND SOUTHERN POWER COMPANY.

(Filed 14 December, 1927.)

1. Negligence—Proximate Cause—Ponding Waters—Health—Instructions
—Appeal and Error.

In an action to recover damages for the consequent sickness or ill
health of the plaintiff resulting from the alleged negligence of the de-
fendant power company in damming a stream and constructing its plant,
the question of proximate cause is a vital element in order for him to
recover, and an omission so to charge upon the evidence in the case is
reversible error.

2. Damages—Parent and Child—Infants—Negligence.

An unemancipated infant can recover only such permanent damages
for an injury as may result to him after his majority.

APPEAL by defendants from *Moore, J.*, at July Term, 1927, of
McDOWELL.

Civil action (companion suit to *Godfrey v. Power Co.*, 190 N. C., 24,
128 S. E., 485) to recover damages for an alleged negligent injury to
plaintiff, a minor 17 years of age, resulting in sickness, loss of time,
diminished earning capacity, expenses, etc., caused by the negligent
manner, so plaintiff alleges, in which the defendants have constructed
their dams, waterworks and hydro-electric power plant along the Ca-
tawba River near the vicinity of plaintiff's home, diverting and pond-
ing the waters of said river and leaving them in such negligent condi-
tion as to cause the breeding of anopheles mosquitoes and the spread of
malaria and sickness to the inhabitants, including the plaintiff, through-
out the surrounding territory.

Upon denial of liability, and issues joined, the jury returned the
following verdict:

"1. Was plaintiff injured by the negligent conduct of the defendant
as alleged in the complaint? A. Yes.

"2. What damage, if any, is plaintiff entitled to recover? A. $1,000."

From a judgment on the verdict in favor of plaintiff, the defendants
appeal, assigning errors.

*Morgan & Ragland for plaintiff.*
*Hudgins, Watson & Washburn, Pless, Winborne, Pless & Proctor,*
*W. S. O'B. Robinson, Jr., and J. H. Marion for defendants.*

STACY, C. J. The validity of the trial is called in question by numer-
ous exceptions and assignments of error, but we shall not consider them

*seriatim,* as it is necessary to award a new trial for errors in the charge on the issues of negligence and damages.

With respect to the liability of the defendants for plaintiff's injuries, the following excerpt from the court's charge to the jury, constitutes one of defendants' exceptive assignments of error:

"Now, if you find, gentlemen of the jury, by the greater weight of the evidence, that they (the defendants) did create malaria-bearing mosquitoes by reason of the impounding of the water in this way that breeded and was capable of breeding and did breed malaria-bearing mosquitoes, why, then, if you find that by the greater weight of the evidence, they (the defendants) would be guilty of negligence."

The vice of this instruction lies in the fact that it makes no reference to proximate cause. One may be ever so negligent, but unless such negligence proximately produces injury to another, no action for damages may be maintained therefor. *Drum v. Miller,* 135 N. C., 204, 47 S. E., 421. In other words, to constitute actionable negligence, there must be both negligence, or a breach of some legal duty, and injury proximately resulting therefrom.

Speaking to the question in *Ramsbottom v. R. R.,* 138 N. C., 39, 50 S. E., 448, *Hoke, J.,* delivering the opinion of the Court, said: "To establish actionable negligence, the question of contributory negligence being out of the case, the plaintiff is required to show by the greater weight of the testimony, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiffs under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances and charged with like duty; and, second, that such negligent breach of duty was the proximate cause of the injury— a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." This is still the law with the modification contained in *Drum v. Miller, supra,* and many other cases "that it is not required that the particular injury should be foreseen, and it is sufficient if it could reasonably be contemplated that injury or harm might follow the wrongful act." *Hudson v. R. R.,* 176 N. C., 488, 97 S. E., 388; *Gore v. Wilmington, ante,* 450.

Again, on the issue of damages, the jury was instructed as follows:

"In this class of cases the plaintiff is entitled to recover as damages one compensation for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual loss of time, nursing and medical expenses, or loss from inability to perform ordinary labor, or capacity

to earn money. Plaintiff is to have a reasonable satisfaction, if he be entitled to recover, for loss of both bodily and mental powers or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury and this is for the jury to say under all the circumstances what is a fair compensation, what is a fair, reasonable sum which defendant ought to pay to the plaintiff by way of compensation for the injury he has sustained; the age and occupation of the plaintiff or injured party, nature and extent of his business, the value of his services, the amount he was earning from his business or realized from fixed wages at the time of the injury, whether he was employed at all or not, whether he was employed at a fixed salary or a professional man, are matters properly to be considered."

A similar instruction, in almost identical language, was held for error in *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339, where the plaintiff, as he is here, was an unemancipated minor, living with his parents. There, it was said: "The charge is defective in that it fails to limit the plaintiff's recovery to the present worth of a fair and reasonable compensation for his mental and physical pain and suffering, if any, and for his permanent injuries, if any, resulting in the impairment of his power or ability to earn money after reaching his majority."

It seems to be the universal holding that an unemancipated infant cannot recover, as an element of damages in an action for personal injuries, for loss of time or diminished earning capacity during his minority. *Gillis v. Transit Corp.,* 193 N. C., 346, 137 S. E., 153; *Hayes v. R. R.,* 141 N. C., 195, 53 S. E., 847. The father is entitled to the services and earnings of his minor child so long as the latter is legally in his custody or under his control and not manumitted. *Floyd v. R. R.,* 167 N. C., 55, 83 S. E., 12; *Williams v. R. R.,* 121 N. C., 512, 28 S. E., 367.

For the errors, as indicated, there must be a new trial, and it is so ordered.

New trial.