SPENCER TYSON v. L. D. FRUTCHEY.

(Filed 21 December, 1927.)

**Negligence—Automobiles—Evidence—Nonsuit.**

In an action to recover damages for an injury negligently caused in a collision by one driving the defendant's auto truck on the highway with plaintiff's automobile, evidence tending only to show that the defendant had loaned the truck to a tenant on his farm to be used for the latter's purposes, upon condition that the tenant have a careful driver, and that accordingly a driver was obtained: *Held,* defendant's motion as of nonsuit thereon should have been granted.

CIVIL ACTION, before *Schenck, J.,* at April Term, 1927, of MONTGOMERY.

The plaintiff instituted suit against the defendant for damages for injury to his automobile, resulting, as plaintiff alleged, from the negligence of the defendant.

Upon the issues submitted to the jury there was a verdict for the plaintiff for $200. From judgment upon the verdict the defendant appealed.

*B. S. Hurley and M. C. Lisk for plaintiff.*
*Armstrong & Armstrong and Claudius Dockery for defendant.*

BROGDEN, J. There was sufficient evidence of the negligent operation of defendant's truck by the driver thereof to be submitted to the jury, but the real question in the case is whether or not the defendant is liable in damages for such negligent operation.

The undisputed testimony discloses the following facts: The defendant is a farmer and a merchant. On 29 August, 1924, he owned a truck which he used in connection with his mercantile business. Bennett Robinson was a tenant living upon the land of the defendant and paying for the use of the land a stipulated rental. Robinson asked the defendant to loan him the truck for the purpose of going to church. The defendant told Robinson that, as his sight was impaired, he would not lend him the truck for such purpose unless he should procure a competent driver. Robinson then went off and thereafter returned and informed the defendant that he could get one Robert Chambers to drive the truck. Whereupon the defendant consented that Robinson could use the truck for the purpose requested. There is no evidence that Chambers was an incompetent driver. At the time the truck left defendant's possession it was in good condition. Chambers did all the driving. In returning from church the evidence tended to show that defendant's truck driven by Chambers collided with the plaintiff's automobile, resulting in the injury complained of.

Upon these admitted facts the principle announced in *Reich v. Cone,* 180 N. C., 267, applies, and determines the rights of the parties. In that case *Clark, C. J.,* said: "When a motor car is used by one to whom it is loaned for his own purposes, no liability attaches to the lender unless, possibly, when the lender knew that the borrower was incompetent, and that injury might occur." The same principle was declared in *Thorp v. Minor,* 109 N. C., 152, and in *Grier v. Grier,* 192 N. C., 760.

The plaintiff relies upon *Freeman v. Dalton,* 183 N. C., 538, but this case was distinguished in *Grier v. Grier, supra.* We hold, therefore, that the motion for nonsuit at the conclusion of all the evidence should have been allowed.

Reversed.