### J. J. MISENHEIMER v. FELIX HAYMAN.

(Filed 9 May, 1928.)

**Negligence—Evidence—Sufficiency—Nonsuit—Master and Servant.**

· Where the plaintiff seeks damages in his action against the defendant for the negligence of the latter's delivery truck driver in colliding with the plaintiff's automobile on the highway, the evidence, as to the identity of the defendant's driver and that he was acting within the scope of his employment at the time of the injury complained of, is sufficient to take the case to the jury and deny defendant's motion for a nonsuit under the facts of this case.

APPEAL by defendant from *Harding, J.,* at December Special Term, 1927, of MECKLENBURG.

Action for damage to an automobile alleged to have been caused by defendant's negligence. The issues of negligence, contributory negligence and damages are answered in favor of the plaintiff. Exception and appeal by defendant.

*C. A. Duckworth and James A. Lockhart for plaintiff.*
*John M. Robinson and S. E. Vest for defendant.*

ADAMS, J. The plaintiff alleges that on the occasion complained of he was the owner of a Buick sedan and the defendant of a Ford delivery truck; that the defendant was engaged in the market business in the city of Charlotte; that Henry Franklin, while engaged as an employee in the defendant's business, damaged the plaintiff's car by negligently running the defendant's truck against it and causing it to plunge down an embankment. The defendant denied the plaintiff's material allegations and pleaded contributory negligence. He introduced no evidence and moved to dismiss the action as in case of nonsuit. The motion was denied and from the judgment rendered upon the issues the defendant appealed.

The determination of the defendant's exceptions pivots on the two questions whether there is more than a scintilla of evidence tending to identify the truck as the property of the defendant, and to show that the driver was in the service of the defendant when the injury occurred.

In his answer the defendant admits that Henry Franklin was in his employment and, at one time operated one of his delivery trucks. On the disputed points there was evidence tending to show that the defendant was engaged in the meat-market business and ran a delivery service; that the truck which struck the plaintiff's car bore on its body the words, "Felix Hayman" or "Hayman's Meat Market"; that it was driven by a colored man; that trucks corresponding to it in description had been seen at the defendant's place of business; that a truck of similar description had often been noticed passing along the road on which the collision occurred.

Unquestionably there is evidence of the driver's negligence, and in our opinion there is sufficient evidence of the defendant's ownership of the truck. The defendant contends, however, that if this be admitted it would still be incumbent upon the plaintiff to show that the driver was engaged in the performance of the defendant's business. This, of course, is a correct proposition; but there is at least some evidence that the driver of the truck was acting within the scope of his authority and in furtherance of his employer's business. *Freeman v. Dalton,* 183 N. C., 538; *Clark v. Sweaney,* 176 N. C., 529. In *Tyson v. Frutchey,* 194 N. C., 750, and *Grier v. Grier,* 192 N. C., 760, there was direct evidence that the driver was not employed in the defendant's business at the time of the injury. The defendant was engaged in selling and delivering meat to his customers, and there is evidence that his truck was frequently seen on the road in question coming from and returning to the city, according to one witness, sometimes once a day and sometimes every other day. While the evidence on this point is not necessarily convincing, we cannot hold as a matter of law that it is devoid of such probative force as not to require its submission to the jury.

No error.