WILLIAM JEFFREY v. OSAGE MANUFACTURING COMPANY.

(Filed 20 November, 1929.)

**Master and Servant D b—In this case held: plaintiff established prima facie case that servant was acting in furtherance of master's business.**

Where the plaintiff's evidence in his action against the owner of an auto-truck for damages resulting from the negligence of the defendant's driver tends to show that a truck was found on the highway on a business day during business hours and was operated by the regular employee of the defendant, whose regular business or employment was the duty of driving and operating the said truck: *Held,* the evidence is sufficient to furnish a basis for a jury to infer that the truck at the time was being operated in the furtherance of the master's business, and makes out a prima facie case, and upon contradictory evidence, the question is for the jury.

CIVIL ACTION, before *Stack, J.,* at January Term, 1929, of GASTON.

The plaintiff was a resident of Cambridge, Mass., and had been spending some time in Florida. He left Florida and returning to New York as a passenger and guest of John Warner, who lived in Watertown, Mass.

The evidence tended to show that plaintiff left Asheville about 8:30 on the morning of 22 March, 1928. When the car reached a point on highway No. 20 between Kings Mountain and Bessemer City, going east toward Gastonia, it collided with a truck owned by the defendant and operated at the time by a colored driver named William Shifty. There was sufficient evidence of negligence to be submitted to the jury. The defendant admitted the ownership of the truck; that the driver, Shifty, was in its regular employment, and that said Shifty was the regular driver of said truck and had been in the employment of the defendant for four or five years.

The evidence further tended to show that Shifty's mother lived some distance from the defendant's plant on the road between Gastonia and Bessemer City, and that on the day of the injury Shifty, in company with two other negro employees of the defendant, took the truck at the dinner hour to visit Shifty's mother, who was sick. The collision occurred at a point near the home of the driver's mother. The defendant offered evidence to the effect that the driver, Shifty, had taken the truck at the dinner hour without the knowledge or consent of defendant and contrary to the express orders and instructions given him by the officers of defendant to the effect that the driver should not use the truck for any purpose without orders from his superiors. This evidence came from several witnesses for the defendant and was uncontradicted.

There was evidence that Shifty was the only person who ever drove the truck, and that on previous occasions he had driven the truck on the road between Gastonia and Bessemer City.

Issues of negligence and damages were submitted to the jury and answered in favor of plaintiff.

The verdict awarded damages in the sum of $7,200. From judgment upon the verdict the defendant appealed.

*Ernest R. Warren, John G. Carpenter and Ryburn & Hoey for plaintiff.*

*J. Lawrence Jones and S. J. Durham for defendant.*

BROGDEN, J. What must a plaintiff prove, in order to make out a prima facie case, for personal injury inflicted by a truck?

Our decisions are to the effect that a prima facie showing takes the case to the jury, and it is therefore a question for the jury to determine

whether or not the necessary facts have been established. This rule of law was tersely expressed in *Speas v. Bank,* 188 N. C., 524, as follows: "A prima facie case, or prima facie evidence, does not change the burden of proof. It only stands until its weight is met by evidence to the contrary. The opposing party, however, is not required as a matter of law to offer evidence in reply. He only takes the risk of an adverse verdict if he fail to do so. The case is carried to the jury on a prima facie showing, and it is for them to say whether or not the crucial and necessary facts have been established.".

Our decisions are also to the effect that a plaintiff, in order to recover for personal injury inflicted by an automobile or truck, must offer evidence tending to prove the following:

1. That the truck or automobile inflicting the injury was at the time operated in a negligent manner, or that the driver thereof was guilty of negligence which was the proximate cause of the injury.

2. Where the driver or operator of the conveyance at the time of the injury was other than the owner, the plaintiff must offer evidence tending to show the ownership of the vehicle if such owner is sought to be charged with the negligence of the driver or operator.

3. That if the injury was caused by the negligence of an agent, evidence must be offered tending to establish the agency.

4. That the agent or employee at the time of the injury, was acting within the scope of his employment as contemplated and defined by law. *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852; *Misenheimer v. Hayman,* 195 N. C., 613, 143 S. E., 1; *Ferguson v. Spinning Co.,* 196 N. C., 614, 146 S. E., 597; *Wilkie v. Stancil,* 196 N. C., 794, 146 S. E., 81; *Martin v. Bus Line, ante,* 720; *Cotton v. Transportation Co., ante,* 709.

In the case at bar there was ample evidence of negligence and the defendant admitted ownership of the truck, and further admitted that the driver was a regular employee and had previously been the regular driver of the truck in the furtherance of the business of said defendant. However, the defendant offered strong evidence to the effect that at the time of the injury the driver was not engaged in its business, but had taken said truck, a substantial distance from the mill, at the dinner hour to visit his mother, and that this was done without the knowledge, consent or approval of the defendant and contrary to its express and repeated instructions. This evidence was not contradicted, and upon such showing the defendant earnestly contends that the plaintiff ought not to recover, because there was no evidence tending to prove that the driver at the time of the injury was acting within the scope of his employment and in furtherance of the master's business. In other words, this phase of the case is reduced to a single proposition, to wit: "Must a plaintiff offer evidence that the driver of the truck was acting within

the scope of his employment, or may the jury infer such fact, when it is either admitted, or there is evidence tending to show, the ownership of the truck, and that the driver was in the regular employment of such owner as the habitual operator of said vehicle.

This question has been the subject of extended debate by the courts of this country. There is a sharp division in the judicial reasoning upon the proposition and the result achieved by various courts are utterly divergent and irreconcilable, unless resort, perhaps, be made to microscopic distinctions. The general aspect of the question is stated in Huddy on Automobiles 7th edition, section 795, p. 873, as follows: "In a majority of the jurisdictions passing upon the question, it is held that evidence of defendant's ownership of a motor vehicle, coupled with proof that the driver is in his regular employment or is a member of his family raises a presumption that at the time he is acting for the owner and within the scope of the owner's business. . . . In a minority of jurisdictions, however, it is held that such evidence does not present a prima facie case of liability, but that the plaintiff must show affirmatively that at the particular occasion under consideration the driver was acting for his master and within the scope of his master's business."

The Supreme Judicial Court of Massachusetts has considered the question in various aspects. Upon the particular question involved, the Court came to this conclusion in *Persino v. De Stefano,* 137 N. E., 664: "If the servant was not then engaged in the course of his employment, but was acting for a purpose of his own, the master would not be liable. If the defendant was the owner of the truck, and the driver was in his general employment, those facts would not be sufficient to show that he (the driver) was acting within the scope of his employment at the time of the accident." *Washburn v. Owens Co.,* 147 N. E., 546. The Supreme Court of Maryland in the case of *Pollock v. Watts,* 121 N. E., 238, held that the presumption that the driver is agent of the owner is rebuttable, and if rebutted by uncontradicted testimony, then the case ought not to go to the jury. The Supreme Court of Michigan considered the proposition in *Union Trust Co. v. American Commercial Car Co.,* 189 N. W., 23. The Court, quoting with approval, said: "It is now quite generally held by the courts that a rebuttable or prima facie presumption has no weight as evidence. It serves to establish a prima facie case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself." *Curry v. Kelley,* 195 N. W., 617; *Der O'Hannessian v. Elliott,* 135 N. E., 518.

JEFFREY v. MANUFACTURING COMPANY.

The Supreme Court of Pennsylvania adopts a contrary view. In *Holzheimer et ux. v. Lit Bros.*, 105 Atlantic, 73, the Court declared: "There was evidence, however, that the truck bore the name of defendant company. This was sufficient to establish, not only a prima facie case that the defendants were the owners of the truck, but also whether it was then in charge of their servant or employee. This was presumptive evidence, and, as has been frequently ruled, was quite sufficient to carry the case to the jury. As a presumption it was of course rebuttable, but this does not mean that it had any less presumptive force than it would have had had it rested on direct evidence," etc. Again in *Thatcher v. Pierce*, 125 Atlantic, 302, the same Court said: "Where a truck or car is used for business purposes and is identified as the property of the owner, a presumption arises that the truck was engaged in the master's business." The Pennsylvania Court makes a distinction between trucks and pleasure vehicles. This distinction was sharply drawn in the case of *Laubach v. Colley*, 129 Atlantic, 88. The Court said: "A distinction has been drawn between cars employed for business and pleasure purposes. In the case of the former, the operation is presumed to be in the master's service, and the burden rests on him to show the contrary to be true." *Hartig v. American Ice Co.*, 137 Atlantic, 867.

In North Carolina the decisions are not in full accord, but the general principle is that mere ownership plus negligence is not sufficient to constitute a prima facie case. Indeed, in *Misenheimer v. Hayman*, 195 N. C., 613, 143 S. E., 1, this Court held that the plaintiff must show "that the driver of the truck was acting within the scope of his authority and in furtherance of his employer's business." The case, however, does not undertake to decide how this must be shown.

Summarizing the plaintiff's evidence as disclosed in the present record, we have substantially the following fact situation: A truck, which is in itself, a business vehicle or devoted exclusively to business purposes, is found on the highway on a business day during business hours, operated by the regular employee of the defendant, and one whose regular business or employment was the duty of driving and operating said vehicle.

We are of the opinion, and so hold, that these facts furnish a sound and reasonable basis for a jury to infer that the truck at the time was being operated in the furtherance of the master's business. Therefore, it necessarily follows that the plaintiff by such showing, made out a prima facie case. It was the function of the jury to determine the weight and credibility of the evidence offered by the parties.

No error.