## JAMES O. GRAY *vs.* STANDARD LIFE AND ACCIDENT INSURANCE COMPANY.

Suffolk.   March 1, 1898. — March 30, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Employers' Liability Insurance — Use of Vehicles in Business — Trial — Instructions.*

In an action upon a policy of insurance against liability for bodily injuries caused by the horses or vehicles of the assured enumerated in the application and used in his business, the number of vehicles enumerated being three, by the terms of which policy, if the number of vehicles used was increased, a failure to report the increase and to pay an additional premium was to avoid the policy, the defence was that the plaintiff had used more than three vehicles; and the use relied on as the use of a fourth article was that of a buggy in which a witness testified that the plaintiff sometimes came to his store. The judge, in instructing the jury, said that it did not seem to him that if they should find that the plaintiff came to his store in a buggy, or even if he should go from his store to the bank in this buggy, that necessarily would involve a use of the buggy in his business. The judge added, "I do not know that there is any evidence except merely that he went to the bank. For what purpose he went to the bank does not appear, and I think the defendant should have shown that." *Held,* that no error of law or tendency to prejudice the jury appeared.

CONTRACT, upon a policy of insurance issued by the defendant to the plaintiff, doing business under the firm name of James O. Gray and Company.  At the trial in this court, before *Lathrop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. C. Mellen*, for the defendant, submitted the case on a brief.

*W. H. Baker*, for the plaintiff.

HOLMES, J.  This is an action upon a policy of insurance against liability for bodily injuries caused by the horses or vehicles of the assured enumerated in the application and used in his business.  The vehicles enumerated were three.  By the terms of the policy, if the number of vehicles used was increased, a failure to report the increase and to pay an additional premium was to avoid the policy.  There was a loss under the contract. The defence was that the plaintiff had used more than three vehicles.  It was admitted that he had not reported any increase or paid an additional premium.  The evidence was conflicting, and one point of contention seems to have been whether a buggy in which the plaintiff was said by one witness sometimes to have come to the store was used in the business.  This use was relied on as the use of a fourth vehicle.

The judge, in instructing the jury, said that it did not seem to him that if they should find that the plaintiff came to his store in a buggy, or even if he should go from his store to the bank in this buggy, that necessarily would involve a use of the buggy in the business of the firm.  The judge added, " I do not know that there is any evidence except merely that he went to the bank.  For what purpose he went to the bank does not appear, and I think the defendant should have shown that."  The exception to these remarks is the one chiefly pressed, and even as to them it is admitted that there is no positive error of law, but it is said that they tended to prejudice the jury.  We see neither error of law nor tendency to prejudice the jury, if the latter were material in the absence of the former.  The first proposition laid down was true, of course, and the judge had a right to state to the jury what the evidence was.  Pub. Sts. c. 153, § 5.  *Sewall* v. *Robbins*, 139 Mass. 164, 168.  *Durant* v. *Burt*, 98 Mass. 161, 168.  *Porter* v. *Sullivan*, 7 Gray, 441, 449.  In the end the whole matter was left to them.  The ruling as to the burden of

proof is not disputed. *Hodsdon* v. *Guardian Ins. Co.* 97 Mass. 144. *Orrell* v. *Hampden Ins. Co.* 13 Gray, 431. It follows from what we have said that the judge could not rule, as matter of law, that the policy was avoided.       *Exceptions overruled.*