EUGENIE A. JASMAN *vs.* CHRISTOPHER MEANEY.

MARY DUBE *vs.* SAME.

Middlesex.   January 12, 1925. — January 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Admission.   *Negligence,* Motor vehicle.

At the trial of an action of tort brought by a woman for personal injuries and property damage received in a collision of her automobile, which she was driving, with one owned by the defendant and alleged to have been driven by an employee of his, the judge admitted evidence tending to show that, after the collision, the plaintiff had a conversation with the defendant in which, after having examined her automobile, he told her to have it fixed, mail the bill to him and he would pay the expenses, and that he expected to pay her between $100 and $125, which was the estimated cost of repairing it; that later the defendant telephoned to inquire if she had had the machine fixed and, on being told that she had not, he requested her to send him the bill as soon as the repairs were made.   *Held,* that

(1) A verdict for the defendant could not rightly have been ordered;

(2) Findings were warranted that the statements by the defendant to the plaintiff were not made for the purpose of compromise and were admissions of liability, including, so far as necessary to that end, responsibility for the negligence of the defendant's employee.

Two ACTIONS OF TORT, the first for personal injuries and damage to an automobile, and the second for personal injuries resulting from a collision between an automobile in which the plaintiff was riding and one owned by the defendant and alleged to have been operated by his servant or agent. Writs dated January 17, 1921.

In the Superior Court, the actions were tried together before *Irwin,* J.   Material evidence is described in the opinion. The defendant rested without presenting any evidence and moved that verdicts be ordered in his favor.   The motions were denied.   Verdicts were returned for the plaintiff in the first action in the sum of $125 and for the plaintiff in the second action in the sum of $150.   The defendant alleged exceptions.

The cases were submitted on briefs.

*S. Kalesky & F. D. Harrigan,* for the defendant.

No argument nor brief for the plaintiffs.

BY THE COURT. These are actions of tort wherein the plaintiffs seek to recover compensation for damages arising out of the collision of an automobile, owned and operated by one of the plaintiffs, in which both were riding, with an automobile owned by the defendant and operated by one McCarthy. There was testimony to the effect that after the collision the plaintiff Mrs. Jasman had a conversation with the defendant in which, after having examined her automobile, he told her to have it fixed, mail the bill to him and he would pay the expenses, and that he expected to pay her between $100 and $125, which was the estimated cost of repairing it; and that later the defendant telephoned to inquire if she had had the machine fixed and, on being told that she had not, he requested her to send him the bill as soon as the repairs were made. There was other testimony bearing upon the question whether McCarthy at the time of the collision was the agent of the defendant acting within the scope of his authority.

Verdicts could not rightly have been directed for the defendant upon this state of the evidence. The statements made by the defendant to the plaintiff Mrs. Jasman do not appear to have been made for the purpose of compromise. They may have been found by the jury to have been admissions of liability, including, so far as necessary to that end, responsibility for the negligence of McCarthy. The case is governed by several recent decisions. *Dennison* v. *Swerdlove, ante,* 507. *Wiseman* v. *Rome, ante,* 505. *Mielke* v. *Dobrydnio,* 244 Mass. 89, 92. *Ellis* v. *Pierce,* 172 Mass. 220.

*Exceptions overruled.*