BATTISTA BERNASCONI, JR., *vs.* SALVATORE BASSI.

Berkshire.    September 19, 1927. — October 13, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Charge to jury, Exceptions. *Evidence,* Admissions, Competency.

At the trial of an action of tort for personal injuries to a boy, where the evidence of the plaintiff and of the defendant was sharply contradictory, the·judge, subject to exceptions by the defendant, charged the jury: "Here the contradictions in the essentials of the case are so violent as to be somewhat disconcerting. Either this boy plaintiff has organized a fraudulent claim upon which he hopes to realize a certain amount of money from the defendant, or this defendant has organized a fraudulent defence for the purpose of escaping his just obligations to a victim of his wrong doing." Repeatedly thereafter the judge told the jury that it was for them to determine the truth in view of the conflicting statements of the parties respecting the cause of the accident. *Held,* that
  (1) While it could not properly have been assumed by the judge that the plaintiff had made a fraudulent claim, or that the defendant had prepared a fraudulent defence, it was clear from the entire charge that the jury were not misled by the foregoing statement of the judge and that the defendant was not prejudiced thereby;
  (2) The exceptions were overruled.
At the trial of an action by a minor for personal injuries, the trial judge, subject to an exception by the defendant, admitted testimony by the plaintiff's father that he had the following conversation with the defendant at a physician's office where the plaintiff had been taken after the accident: "I told him [the defendant], 'You got to pay everything I do for my boy'"; and that the defendant replied: "You bring your boy in the hospital. You bring your boy in the hospital, and tomorrow and after tomorrow I come in your house, I fix it up, everything." *Held,* that the statement could have been found by the jury to have been a promise on the part of the defendant to pay not only the plaintiff's hospital bills but for all damages sustained by the plaintiff as a result of his injuries; and that it was admissible as evidence of an admission of liability by the defendant. *Wilson* v. *Daniels,* 250 Mass. 359, distinguished.

TORT for personal injuries.   Writ dated July 28, 1924.

In the Superior Court, the action was tried before *Callahan,* J.  Material evidence and exceptions by the defendant are stated in the opinion.  There was a verdict for the plaintiff in the sum of $1,200.  The defendant alleged exceptions.

The case was submitted on briefs.

*J. B. Cummings & J. M. Rosenthal,* for the defendant.

*C. R. Alberti & J. N. Alberti,* for the plaintiff.

CROSBY, J.    This is an action of tort to recover for personal injuries caused by the collision of a bicycle with an automobile on Hubbard Street, in Lenox.   The plaintiff testified that at the time of the accident he was eleven years old; that he rode a bicycle down a path leading from the northerly sidewalk of the street and crossed to the extreme southerly side, and while proceeding along the road in an easterly direction he saw the defendant coming toward him on the northerly side of the road; that there was ample space for them to pass each other; that the defendant when two or three feet from him suddenly turned his automobile toward the south and struck the bicycle, throwing the plaintiff therefrom and causing the injuries complained of.   The defendant and another witness called by him testified that the plaintiff lost control of his bicycle and fell off it about eight feet from the automobile; that the bicycle rolled under the car and was broken; that the plaintiff lay on the ground two or three feet from the car and did not come in contact with it. Upon this conflicting evidence the facts were properly left for the determination of the jury.

The trial judge instructed the jury in part as follows: "Here the contradictions in the essentials of the case are so violent as to be somewhat disconcerting.   Either this boy plaintiff has organized a fraudulent claim upon which he hopes to realize a certain amount of money from the defendant, or this defendant has organized a fraudulent defence for the purpose of escaping his just obligations to a victim of his wrong-doing."   The defendant excepted to this portion of the instructions as a charge upon the facts in violation of G. L. c. 231, § 81.   It could not properly have been assumed by the judge that the plaintiff had made a fraudulent claim, nor that the defendant had prepared a fraudulent defence.   Notwithstanding this erroneous instruction it clearly appears that immediately thereafter and repeatedly afterwards the judge told the jury that it was for them to determine the truth in view of the conflicting

statements of the parties respecting the cause of the accident. It seems plain from the entire charge that the jury were not misled by the foregoing statement of the court and that the defendant was not prejudiced thereby. *Gray* v. *Standard Life & Accident Ins. Co.* 170 Mass. 558, 559. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499. Accordingly this exception cannot be sustained. The case is distinguishable in its facts from *Commonwealth* v. *Foran,* 110 Mass. 179, cited by the defendant.

The only other exception relates to the admission in evidence of a conversation which the plaintiff's father testified he had with the defendant at the doctor's office where the plaintiff had been taken after the accident. This witness said: "I told him [the defendant], 'You got to pay everything I do for my boy'"; and the defendant replied: "You bring your boy in the hospital. You bring your boy in the hospital, and tomorrow and after tomorrow I come in your house, I fix it up, everything." The contention of the defendant that this statement was an offer of compromise cannot be sustained. It was in the nature of an admission of liability on the part of the defendant. *Snow* v. *Batchelder,* 8 Cush. 513, 517. *Snow* v. *New York, New Haven & Hartford Railroad,* 185 Mass. 321, 323. *Ellis* v. *Pierce,* 172 Mass. 220. *Eldridge* v. *Barton,* 232 Mass. 183, 186. *Mielke* v. *Dobrydnio,* 244 Mass. 89, 92. *Wiseman* v. *Rome,* 250 Mass. 505. *Dennison* v. *Swerdlove,* 250 Mass. 507. *Jasman* v. *Meaney,* 250 Mass. 576.

*Wilson* v. *Daniels,* 250 Mass. 359, 364, is distinguishable in its facts from the case at bar. In that case the plaintiff's wife testified that the defendant after returning from the hospital where he saw the plaintiff told her that "he would take care of him [the plaintiff] and look after him." This evidence was held to be incompetent. Merely to take an injured person to a hospital promising to pay for his treatment there cannot be found to be an admission of liability. *Sias* v. *Consolidated Lighting Co.* 73 Vt. 35, 40, 41. *Binewicz* v. *Haglin,* 103 Minn. 297.

In the present case the evidence was that the defendant would "fix it up, everything." This statement could have

been found by the jury to have been a promise on the part of the defendant to pay not only the plaintiff's hospital bills but for all damages sustained by the plaintiff as a result of his injuries, and hence was evidence of an admission of liability.

As no prejudicial error appears in the conduct of the trial, the entry must be

*Exceptions overruled.*