EPPERSON ET AL. *v.* ROSTATTER.

[No. 13,497. Filed October 1, 1929.]

*William D. Hardy,* for appellants.

*Frank C. Gore* and *Winfield K. Denton,* for appellee.

REMY, J.—Action by appellee against appellants to recover for damages to appellee's automobile, alleged to have been caused by the negligence of appellant Raymond Epperson, the 15-year-old son of appellant William A. Epperson, in the operation of the latter's car, it being the theory of the complaint that the automobile of appellant William A. Epperson was, at the time, being operated by the boy in the business of his father and with his father's knowledge and consent, in violation of §24 of acts of 1925 (Acts 1925 p. 570, §10125 Burns 1926) which prohibits the operation of a motor vehicle on a public highway by a person under the age of 16 years. Trial resulted in a finding and judgment for $300, against both appellants.

On the trial, evidence was introduced by appellee showing that, at the time in question, appellant Raymond Epperson was 15 years of age, was the son of appellant William A. Epperson, and that the automobile driven by Raymond was the property of appellant William A. Epperson. This evidence having been submitted, appellee, as a witness in her own behalf, made a detailed

statement of the manner in which her automobile, operated by herself, came into collision, on a certain street of the city of Evansville, with another automobile which was being operated on the same street by appellant Raymond Epperson; she also described the resulting damages to her car, which she stated amounted to $300. Further testimony of appellee was that, when appellant William A. Epperson was called by telephone and questioned with reference to the accident, and as to payment of the damages which had resulted to appellee's automobile, he responded to the call, admitted that he was William A. Epperson, but denied that his son was at fault. At the close of the telephone conversation, after he had heard what appellee had to say, and when he was speaking in reference to the damage to the car, said that he would "call later," and that he would "take care of it."

It is urged by appellant William A. Epperson that the court erred in admitting in evidence the testimony of appellee as to the telephone conversation, the contention being that the proper foundation for his identification had not been laid. The contention cannot prevail. It appears from the evidence that appellee, desiring to communicate with appellant William A. Epperson in reference to the collision which resulted in the damage to her car, examined the telephone directory of the city of Evansville, and finding a number listed therein as that of appellant, she called the central station and asked to be connected with the number so listed; and, when so connected, the man who responded stated that he was William A. Epperson. These facts and circumstances were sufficient to make a *prima facie* case of identity. In the case of *Theisen* v. *Detroit Taxicab, etc., Co.* (1918), 200 Mich. 136, 166 N. W. 901, L. R. A. 1918D 715, the question is ably discussed, and the reasons for the rule stated. See, also, *Godair* v.

*Ham. Nat. Bank* (1907), 225 Ill. 572, 80 N. E. 407, 116 Am. St. 172, 8 Ann. Cas. 447.

It is further contended by William A. Epperson that the evidence does not show that the car driven by his son was, at the time, being used in his business or with his knowledge or consent, so as to bring the case within the rule laid down in the case of *Repczynski* v. *Mikulak* (1927), 157 N. E. (Ind. App.) 464. The only evidence, if any, tending to prove that the boy was operating the car with his father's knowledge and consent, or that it was being used in the father's business, is the testimony of appellee that appellant William A. Epperson told her in the telephone conversation, when she was speaking to him of the damage to her car, that he would "take care of it." Appellants submitted no evidence to disprove that in the driving of the car Raymond was the agent of his father, nor that he was driving it with the knowledge and consent of his father. In fact, neither of the appellants testified, nor did they on the trial offer to introduce any evidence. It is apparent from the record that appellants preferred not to submit to the court the facts within their knowledge. We hold that the promise of appellant William A. Epperson that he would take care of the damages to appellee's car was in the nature of an admission of his liability, from which the trial court might infer that the son was, at the time of the collision, operating the car, either as agent of his father or with his knowledge and consent. *Dennison* v. *Swerdlove* (1925), 250 Mass. 507, 146 N. E. 27; *Wiseman* v. *Rome* (1925), 250 Mass. 505, 146 N. E. 28; *Jasman* v. *Meaney* (1925), 250 Mass. 576, 146 N. E. 257.

In an extended discussion of the evidence, it is contended by appellant Raymond Epperson that, as to him, the evidence is insufficient to sustain the court's decision. No good purpose would be subserved by a discussion of

that evidence in this opinion.   It is sufficient to say that we have read the evidence with care and find that there is competent evidence to sustain the decision.

Affirmed.

Lockyear, J., not participating.