UMBERTO TOSTI *vs.* JERRY L. ROSSETTI & another.

Worcester.    September 23, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, WAIT, & SANDERSON, JJ.

*Evidence*, Competency, Admission, Of compromise.

At the trial of an action for labor, materials and money spent in erect-
ing buildings for the defendant, there was evidence that, shortly
before the trial, the parties met and went over their accounts; and
that the defendant thereupon said that he owed the plaintiff about
$2,000 but that he had another check representing a payment to
the plaintiff, which he could not find, and the plaintiff told the de-
fendant he would make an allowance for any further checks which
the defendant might find. Subject to the defendant's exception,
the judge admitted testimony by the plaintiff, who contended that
the defendant owed him about $2,700, that at the conference "He
[defendant] told me he would pay me $2,000, and I told him it was
all right" and that he told the defendant he would give him credit
for further checks found. *Held*, that, in the circumstances, the
plaintiff's testimony did not show an offer of compromise by the
defendant, but an admission of liability by him; and that the testi-
mony properly was admitted.

CONTRACT.    Writ dated June 9, 1928.

The action was tried in the Superior Court before *Beau-
dreau*, J. Material evidence is stated in the opinion. The
judge ordered a verdict for the defendant Mary Rossetti.
There was a verdict for the plaintiff in the sum of $2,069.08
against the defendant Jerry L. Rossetti. That defendant
alleged exceptions.

*N. Rosenfeld*, for the defendants.

*N. Fusaro*, for the plaintiff.

CROSBY, J. This is an action of contract to recover a
balance due for work and labor performed, materials fur-
nished and moneys expended in the erection of certain houses
for the defendants. By order of the trial judge the jury
returned a verdict for the defendant Mary Rossetti. The
jury found for the plaintiff against Jerry L. Rossetti, who

will hereinafter be referred to as the defendant, in the sum of $1,814.98 as damages, and $254.10 as interest.

The plaintiff testified that in 1925 he entered into a written contract with the defendant whereby he was to build a house; that he built the house and was paid for it $1,050; that afterwards he built about thirteen or fourteen other houses under oral contracts by the terms of which the defendant agreed to pay him $1.25 per hour for work performed by the plaintiff or by his employees; that an apprentice employed by the plaintiff was to receive $.50 an hour; that the defendant was to pay the cost of transportation to and from the out of town jobs, and was to furnish all materials used and reimburse the plaintiff for any money expended for materials furnished by him; that a short time after the work began the parties changed the price from $1.25 to $1.15 per hour for labor performed or furnished; that the plaintiff performed work for the defendant from 1925 to about April, 1928; that the houses were built under the supervision of the defendant. The plaintiff further testified that he kept a book marked Exhibit 1 wherein he made entries of each day's work performed; that he paid all the men that he employed; that he and the defendant met about once a month "to check things up"; that they always agreed after checking up the books and if there was any difference they would settle the matter by "splitting the difference." The plaintiff makes no claim for work done on the first house built by him under the written contract, nor for the work done on the house in Hyde Park, both of which were paid. He testified that the defendant told him he could not pay what he owed because he was unable to borrow money from banks; that the defendant never made any complaint about the work or the amount due the plaintiff until after this action was brought; that the amount annexed to the declaration was a fair statement of what his book showed including the credits allowed; that the total work, excluding the house in Hyde Park, and the house built under the written contract, amounted to $18,301; that he was paid $15,585.94; that all payments made by the defendant were by check; that in April, 1928, he presented the defendant with a bill

containing a final statement of the amount due him, and three weeks later the defendant told him he could not pay because he did not have any money.

The plaintiff testified on redirect examination that about a month and a half before the trial he had a talk with the defendant in the presence of two other persons, Tusoni and Savino; that at that time all the accounts were considered and the defendant presented checks which had been given to him. The plaintiff's counsel stated that he wanted to show that at this conference the defendant owed and agreed to pay $2,000, and that the defendant at that time admitted he owed the plaintiff that amount; and he also offered the evidence to rebut the defendant's contention that he did not owe the plaintiff anything but had overpaid him. The defendant objected to this testimony on the ground that it tended to show an offer of compromise in view of the fact that the plaintiff contended the defendant owed him $2,715.-94 with interest. The plaintiff was thereafter asked, "What did Mr. Rossetti agree to do?" This question was admitted by the trial judge and the plaintiff answered, "He told me he would pay me $2,000, and I told him it was all right, if he produced the other $1,050 checks I would accept the offer. Then he told me he thought he had another check for $300 which he couldn't find. Well, then, I told him . . . 'If you do find the other check, $300, I will give you credit for the other check too, and that will bring the bill down to $1,700 . . . .'" This evidence was admitted subject to the defendant's exception.

There was evidence tending to show that the next morning after this meeting the parties met again at the office of the plaintiff's counsel and that he and Tusoni were present. The plaintiff testified that at this meeting the defendant contended he had given the plaintiff more checks than he had been credited for; that the defendant was to produce the checks, but that he never did so. The plaintiff's counsel was called as a witness and testified that he was counsel for the plaintiff at one time and was present at said conference at his office; that at that time the case was on the short list; that at this meeting the plaintiff said, in substance,

that the parties had met and gone over the accounts; that the defendant said they found there was a little less than $2,000 due from him, but that the plaintiff had agreed to waive the interest and costs and the defendant was going to pay the plaintiff for what was due him $2,000, except that if the defendant found a check for $300 it was to be deducted from the amount agreed upon. This witness further testified that he had talked with the defendant on numerous occasions about the amount due and that the defendant admitted he owed the plaintiff; he said he did not have the money, but was willing to give a note.

Tusoni was called as a witness by the plaintiff and testified that he was present at the first conference between the parties, held five or six weeks before the trial; that at that time the defendant produced checks which, he alleged, he had paid the plaintiff; that the witness made a list of all these checks and they totalled $16,585.12; that after he had made a note of all of them the defendant said he owed the plaintiff around $2,000; that the defendant stated he had a check for $200 or $300 or $400 which he could not find, and the plaintiff told the defendant that he would allow him for any checks which the defendant found.

The only question of law before us is whether the judge erred in admitting the testimony of the plaintiff that the defendant agreed to pay him the sum of $2,000. We are of opinion that the testimony of the plaintiff when considered with that of the witness Tusoni warranted a finding that when the parties met at the first conference, six weeks before the trial, the accounts of the plaintiff and the checks the defendant had paid the plaintiff were considered; that the amount due the plaintiff was determined; and that "the defendant said that he owed the plaintiff around $2,000." If this testimony was believed by the jury, it is plain that it was not an offer of compromise but an admission of liability.

In *Snow* v. *Batchelder*, 8 Cush. 513, which was an action on a note, a witness testified that, after the action was brought, the defendant called upon him and offered to settle by paying the costs and one half of the note in cash

and the other half by a note with a good indorser. It was said by Chief Justice Shaw at page 517: "If it stood here, it might be objected, although an offer to pay the whole debt, that it was not an offer to pay it in cash, or to pay it presently. But the witness also stated that Batchelder during this conversation, said he owed the note. This, in the opinion of the court, taking the whole conversation, was not an offer of compromise, an offer for buying his peace; but an admission of the debt and a proposal for terms of settlement, as of a subsisting debt, and was therefore competent." *Jasman* v. *Meaney*, 250 Mass. 576. *Bernasconi* v. *Bassi*, 261 Mass. 26, 28 and cases cited.

As it could have been found by the jury that the offer to pay $2,000 was not an offer of compromise but was an admission by the defendant that he owed that sum, it follows that the entry must be

*Exceptions overruled.*