Rowe, J.
This is an aetion of contract to recover for personal labor. The trial judge found for the defendants up *397 on conflicting evidence. The only error claimed is that the judge erroneously ruled as. to the effect as to the following letter written by the male defendant to the plaintiff:—
“My dear brother-in-law: I wish to inform you that I received your letter and bill on December 30th; well I don’t know where it went because we never received anything from you until this first one which I am answering immediately. And now, I am begging you to come and visit us if you can, so that we may settle this matter. Wasylewski will take the small dog; and if you cannot come here, please send another bill and I will settle everything for you with good will. Greetings from us all to you all. Respectfully, F. Polefka.”
The report states that “if the Appellate Division rules that the letter is not necessarily an admission the report should be dismissed.” The report was a voluntary report by the trial judge and the question of the effect of the letter is properly before us. The effect of the report is that if the letter in question was an admission as a matter of law, then there was error, otherwise not. We are of the opinion there was no error.
The judge found that the letter at best “showed only an attempt to settle a disputed claim.” From the report it appears that, aside from this letter, there was absolute denial of liability by the defendants.
The question is, does the statement in the letter as to the word “settle”, as a matter of law (or as worded in the report “necessarily”) constitute an admission. We do not think it does. Webster, among other definitions says the word settle means “to adjust difference or accounts.” Bouvier likewise says the word includes the meaning of “to adjust or ascertain.”
The question is not as to whether the letter was competent or incompetent as evidence from which admission might be inferred. The letter was received in evidence and *398 therefore the only matter for consideration was as to what was its effect. The judge found (not ruled) that it was an attempt to settle a disputed claim. That was a proper finding on the facts before the judge, without our considering the question as to whether any other inference was likewise permissible.
The trouble with the plaintiff’s position is that he does not distinguish between the competency of the letter as evidence bearing on an admission and its effect, once admitted. Even if the letter could have been properly considered as “in the nature of an admission of liability,” Bernasconi v. Bassi, 261 Mass. 26, 28, it would have been so found as a fact, rather than ruled as a matter of law. See last sentence on P. 28 of Bernasconi v. Bassi, supra.
As there was no error on the part of the trial judge in drawing the inference that he did as to the effect of the letter, the report must be dismissed.
So ordered.