**BATEMAN v. CRIM et al.**

No. 109.

Municipal Court of Appeals for the District of Columbia.

Oct. 26, 1943.

Arthur J. Hilland, of Washington, D. C., for appellant.

Benjamin L. Tepper, of Washington, D. C. (Frederick R. Gibbs, of Washington, D. C., on the brief), for appellees Henry R. Crim and Ina Crim.

Irvin Goldstein, of Washington, D. C., for appellees Ivan Fuqua and Evelyn Fuqua.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant, a woman eighty-four years of age, brought suit for personal injuries. The defendants were two boys, ten and twelve years of age, and their parents. Trial was by jury, resulting in a verdict and judgment for $1,200 against the two minor defendants. They did not appeal. At the conclusion of plaintiff's case, the court directed a verdict in favor of the parents. Judgment was entered on this instructed verdict, from which plaintiff appealed.

All parties concerned lived in the same neighborhood, a congested business area. The minor defendants were playing on the sidewalk with a football. The ball was thrown by the Fuqua boy; the Crim boy, who owned the ball, ran to catch it and collided with plaintiff who was severely injured.

There are no public playgrounds or park areas in the immediate neighborhood where the game of football may be played. Section 22—1108, 1940 Code, prohibits playing ball, including football, on the public streets.

Plaintiff offered evidence showing that the parents of the Crim boy were employed throughout the day, leaving their son without supervision. To a lesser degree there was also lack of supervision of the Fuqua boy.

Several weeks after the injury, plaintiff's son called upon the parents of the Crim boy. Plaintiff offered to prove that they then promised to pay one-half of the medical and hospital bills. A similar call was made upon the parents of the Fuqua boy, who were then unaware of the fact that their boy had been concerned in the matter and asked for time to investigate. A week later plaintiff's son again conferred with them, and proof was tendered that on this occa-

sion they also promised to pay one-half of plaintiff's expenses. The court heard the evidence in the absence of the jury and excluded from the jury that part relating to offers of payment.

Appellant appeals on two grounds: First, error in rejecting the foregoing offer of evidence, which she asserts, was competent as tending to show liability; and second, in directing a verdict for appellees.

Cases dealing with the liability of parents for acts of minor children impose such liability where the parent has permitted a minor to use a dangerous instrumentality, or where they have knowingly permitted, encouraged, or failed to discourage, conduct inherently dangerous to others or prohibited by laws intended to promote public safety.[1] Plaintiff, however, claims that a lack of proper supervision, without evidence of prior conduct requiring the exercise of parental restraint, renders a parent responsible for acts of a minor which with greater supervision would not have occurred, and that whether sufficient supervision was exercised in a particular case is a question of fact for the jury.

In the present case the evidence did not show that the conduct of the minors prior to the instant occurrence was such that their parents, with closer supervision, would have been aware that they were engaging in conduct which was unlawful or which might inflict injury upon others. There was no evidence that either boy had previously played with a football on the public streets or had conducted himself in other than an orderly manner. The football was the property of the Crim boy, but the evidence did not show when or how he obtained it or how long it had been in his possession. It may be that he had acquired it on the very afternoon in question.

In our opinion, to render a parent responsible for injuries resulting from the wrongful acts of a minor, his negligence in the exercise of parental supervision must have some specific relation to the act complained of, which is lacking in the present case.

Had the offers to pay hospital expenses, made to plaintiff's son, been admitted in evidence, the trial court would have had this evidence before it in passing on defendants' motion for a directed verdict. The probative force of such admissions, and their competency, depend upon the surrounding circumstances. They may indicate merely sympathy or benevolence, as in the parable of the Good Samaritan, or on the contrary a consciousness of facts unknown to the injured person which if known and proven would spell liability. Where, as here, an aged woman has been injured by children playing in the street, offers by their parents to join in paying hospital expenses may more reasonably be attributed to a natural impulse of sympathy and amends than a recognition of liability. Without more than appears in the record a jury should not be permitted to speculate upon the intent or effect of the offers. In Arnold v. Owens, 4 Cir., 78 F.2d 495, 497, where the circumstances of the offer were much more favorable to the plaintiff than those now present, the court said: "If, however, the surrounding circumstances indicate, not merely an act of benevolence, but some admission of fault on the part of the defendant, the evidence may be admissible. See Brown v. Wood, 201 N.C. 309, 160 S.E. 281. Unless it should appear on on a new trial of the pending case that the defendant's offer of assistance was accompanied by circumstances tending to show an admission of liability or an admission that his truck was the one involved in the accident, the evidence should not be received. Even if it is admitted, the jury should be cautioned that the offer alone is not evidence of liability."

We find that the trial court ruled properly on the tendered evidence, and that even if the testimony had been admitted its evidential value was so slight that the directed verdict would nevertheless have been required.[2]

Affirmed.

[1] Ryley v. Lafferty, D.C., 45 F.2d 641; Stewart v. Swartz, 57 Ind.App. 249, 106 N.E. 719; Davis v. Gavalas, 37 Ga.App. 242, 139 S.E. 577; 39 Am.Jur. 690–696; Restatement of the Law of Torts, Ch. 12, par. 316.

[2] The following cases illustrate the attitude of various courts on this question: Hutchinson v. Knowles, 108 Vt. 195, 184 A. 705; Brown v. Wood, 201 N.C. 309, 160 S.E. 281; Epperson v. Rostatter, 90 Ind.App. 8, 168 N.E. 126.