MUMA *v.* BROWN.

1. PARENT AND CHILD—TORTS.
   Generally, the mere relation of parent and child imposes no liability on the parent for the torts of the child.
2. SAME—NEGLIGENCE—TORTS.
   Parents may be liable for an injury which is directly caused by their child, where the parents' negligence has made it possible for the child to cause the injury complained of and probable that the child would do so.

3. SAME—NEGLIGENCE—FORESEEABILITY.
   Liability of parents, owners of car which injured plaintiff minor child, for negligent act of their 14-year-old son who inflicted such injury may not be imposed unless the specific act of the son in driving the car without their consent was foreseeable by the parents.

4. SAME—NEGLIGENCE—FORESEEABILITY—EVIDENCE.
   Foreseeability of parents that their 14-year-old son would take their car and drive it without their consent while they were visiting married child and had left the boy unsupervised for 3-day weekend period *held*, not shown by evidence adduced in actions by an injured child and his father for damages inflicted through negligence of the son, where the boy had driven the car theretofore only when the father was present, although a set of keys to the car was accessible to the boy.

Appeal from Roscommon; O'Keefe (Dennis J.), J. Submitted Division 3 May 11, 1965, at Detroit.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 39 Am Jur, Parent and Child § 55 *et seq.*
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 561, 584.
Purchasing motor vehicle for, or giving it to, minor or incompetent driver as rendering donor liable for driver's acts. 36 ALR2d 735.

(Docket Nos. 43, 44.)   Decided September 20, 1965.
Leave to appeal granted by Supreme Court January
6, 1966.  See 377 Mich 695.

Declaration by Stanley D. Muma, a minor by his
guardian Betty M. Muma, against Ernest Brown,
Edna Brown, and Larry Brown for injuries sus-
tained when struck by an automobile driven by Larry
Brown and owned by Ernest Brown and Edna
Brown.  Derivative action by Stanley E. Muma,
father.  Cases consolidated for trial.  Verdicts
for plaintiffs.  Judgments *non obstante veredicto*
granted as to Ernest Brown and Edna Brown.
Judgments for plaintiffs against defendant Larry
Brown.  Plaintiffs appeal.  Affirmed.

*Cicinelli, Mossner, Majoros & Harrigan* (*Peter
F. Cicinelli* and *Eugene D. Mossner,* of counsel), for
plaintiffs.

*Cotter, Janes & Cotter* (*Gerald J. Cotter* and *Paul
F. O'Connell,* of counsel), for defendants.

Burns, J.  Plaintiffs appeal from judgments *non
obstante veredicto,* depriving them of verdicts for
personal injuries sustained by their minor child dur-
ing an automobile accident.

Case No. 43 is an action brought by Betty M.
Muma, guardian of Stanley D. Muma, a minor, for
personal injuries suffered by said minor as a result
of being struck by an automobile owned by the de-
fendants Ernest Brown and Edna Brown, husband
and wife, and driven by defendant Larry Brown, the
son of defendants Ernest and Edna Brown.

Case No. 44 is an action brought by Stanley E.
Muma, father of said minor, for moneys spent and
obligations incurred as a result of the injury suffered
by his son and for which Stanley E. Muma is re-
sponsible.

The two cases were consolidated for trial in the circuit court and tried before a jury. In case No. 43, the jury awarded a verdict for plaintiff in the amount of $7,000; in case No. 44, the jury returned a verdict in favor of plaintiff in the sum of $5,668.50.

At the conclusion of plaintiff's case, defendants made a motion for a directed verdict, which motion was denied. After the completion of all testimony, said motion was renewed, and the court permitted the case to go to the jury under the Empson act,* Motion was filed by defendants for an order *non obstante veredicto* or in the alternative for the granting of a new trial. The motion was argued before the court and briefs were filed by respective counsel.

The trial court granted the motion for the judgments *non obstante veredicto* as far as defendants Ernest and Edna Brown were concerned, and denied the motion for a new trial as to defendant Larry Brown.

The testimony shows that on the 15th day of August, 1957, defendants Ernest and Edna Brown were the owners of a Dodge automobile. On that day they left their home in the city of Gladwin, Michigan, and went to Mio, Michigan, where they were to spend the weekend with their daughter and son-in-law, leaving their son, Larry Brown, a minor of the age of 14 years, at home alone because he had a job working at a gasoline service station.

Prior to his departure for Mio, defendant Ernest Brown put said automobile in the garage at home, locked the ignition and the car doors, and took the keys with him. There were two sets of keys to this automobile, one which defendant Ernest Brown had, and the other which defendant Edna Brown had, but which keys she had not used for several years be-

* CL 1948, § 691.691 *et seq.* (Stat Ann § 27.1461 *et seq.*). (See, currently, GCR 1963, 515.2.—REPORTER.)

cause she had not driven the automobile during that time. The testimony shows that when Edna Brown stopped driving the automobile, she placed the keys in a cup in the cupboard where they remained until they were taken by defendant Larry Brown prior to the accident.

Sometime during the day or evening of August 15, 1957, after his parents had left home, defendant Larry Brown found and removed the keys from the cupboard, took the automobile out of the garage and went for a drive. On the following day, August 16th, defendant Larry Brown again took the family car and picked up three boyfriends and set out for a swimming hole. On the way, the driver was involved in an accident whereby he struck plaintiff, Stanley D. Muma, a minor, while the child was crossing a public highway or while he was playing near the edge of the highway, and inflicted serious and grievous injuries to him.

At the trial, the jury was given two special questions. When asked whether defendant child had the implied consent of his parents to take the car, they answered "no." When asked whether defendant parents had failed to supervise their son on the day of the accident, they answered "yes."

On appeal, plaintiffs-appellants claim that since defendants knew of their son's love of automobiles, knew that he could operate the car and had done so on previous occasions, and yet had left him alone for three days unsupervised with the car, and with the keys to the car in an accessible place known to him, it was a jury question whether under these circumstances the parents were negligent in failing to supervise their son. They further claim that since the jury found defendants negligent and there were proofs sufficient to support such finding, the verdict should not have been disturbed.

Defendants-appellees claim that failure to supervise a child is not negligence per se unless there is knowledge by the parents of their child's propensity to do acts likely to cause injury to others. They claim that they could not have known that their son would have taken the car and injured someone since he had never done such a thing before.

The issue before this Court is whether failure to supervise a minor child is negligence per se sufficient to hold the parents liable for injuries inflicted by their child while he has taken the family automobile without their consent.

The general rule is that the mere relation of parent and child imposes no liability on the parent for the torts of the child. 67 CJS, Parent and Child, § 66. But where the parents' negligence has made it possible for the child to cause the injury complained of and probable that the child would do so, the parents may be liable for an injury which is directly caused by the child. 18 MLP, Parent and Child, § 13.

There is a dearth of authority on this subject in Michigan. In the case of *Chaddock* v. *Plummer* (1891), 88 Mich 225 (14 LRA 675, 26 Am St Rep 283), the Supreme Court found defendant-father not liable for injuries inflicted by a neighbor's minor son with a "BB" gun belonging to defendant, which defendant had left unloaded outside of his house.

In *Johnston* v. *Cornelius* (1916), 193 Mich 115, a 17-year-old boy killed plaintiffs' decedent while negligently operating the family automobile without the consent of his parents, the Court upheld a directed verdict in favor of defendant-parents even though the boy had taken the car without permission on one occasion before.

Finally there is the case of *May* v. *Goulding* (1961), 365 Mich 143, which both parties cite in

their briefs. This case establishes no precedent for the general rule that parents may be found guilty of actionable negligence for failure to adequately supervise a minor child, because the facts of the case involve a mentally deficient child and the use of firearms whereas in the instant case we are faced with a normal 14-year-old boy.

We are forced to look outside of our jurisdiction for guidelines in determining this issue of parental supervision. In *Bateman* v. *Crim* (DC Mun Ct App, 1943), 34 A2d 257, plaintiff claimed basically what plaintiffs herein are claiming, namely that lack of proper supervision, without evidence of prior conduct requiring the exercise of parental restraint, renders a parent responsible for acts of a minor which with greater supervision would not have occurred. The Court in affirming a directed verdict for defendant-parents, found:

"In the present case the evidence did not show that the conduct of the minors prior to the instant occurrence was such that their parents, with closer supervision, would have been aware that they were engaging in conduct which was unlawful or which might inflict injury upon others. * * *

"In our opinion, to render a parent responsible for injuries resulting from the wrongful acts of a minor, his negligence in the exercise of parental supervision must have some specific relation to the act complained of, which is lacking in the present case." *Bateman* v. *Crim, supra,* p 258.

In a case involving damages caused by a minor in the use of an automobile, *Assurance Company of America* v. *Bell* (1963), 108 Ga App 766 (134 SE2d 540), the Court was faced with a situation where the mother knew that her three-year-old son was in the habit of playing with the controls of automobiles, and yet left him unattended outside the home where

the family car was parked on an incline in the drive-way. But in the absence of proof that she cus-tomarily allowed the child to play about the auto-mobile unattended or that he was in the habit of entering unattended automobiles and releasing the controls, the Court did not find the mother negli-gent.

"The mere fact that she allowed him to escape her supervision is not a sufficient allegation of negli-gence, but amounts only to an allegation that the mother could and should have foreseen that the absence of her supervision of the child could have resulted in injury or damage. The probability of danger to a young child or to others naturally in-creases where such a child is unattended; neverthe-less, the mere fact that the child escaped the super-vision of a parent, and the parent knows harm could result if he or she is not present, is not a sufficient allegation of actionable negligence." *Assurance Company of America* v. *Bell, supra,* p 775.

It is evident then, that to impose liability on the parents for a negligent act of their child, the gen-eral rules of negligence must be applied. Thus, there must be some act of the parents that was the proximate cause of the injurious or damaging act. Further, the specific act of the child must be such that it was *foreseeable* by the parents. As to the question: Is lack of supervision actionable negli-gence? The rule is clearly stated in 67 CJS, Parent and Child, § 68, at pp 799, 800:

"In order to render a parent liable his or her negli-gence in the exercise of parental supervision must have some specific relation to the act of which com-plaint is made, and liability may not be predicated on a failure to supervise where supervision would not have rendered the parent aware of the possi-bility of tortious conduct of the child."

In the case at bar, defendant minor had never taken the car before without his parents' consent. In fact, the only time he had ever driven it was with his father's consent once in a gasoline station and a few times up and down the driveway.

He did drive it the day before the accident, but this was after his parents had left for the weekend. Therefore, the defendant-parents could not have anticipated or foreseen that their son would take the car while they were away since he had never done so before. Whether the parents were remiss in their duty by leaving their 14-year-old boy home unsupervised for a three-day weekend is not the question here. What the boy did, could have been done while he was left alone at home for a few hours.

Since the law as stated above stresses foreseeability as a prerequisite to a finding of actionable negligence in cases of lack of parental supervision, and we find no such foreseeability here, we hereby affirm the lower court's judgment. Costs to appellees.

LESINSKI, C.J., and HOLBROOK, J., concurred.