15038

HOLDER v. HAYNES ET AL.

(7 S. E. (2d), 833)

October, 1938.

*Mr. Claude R. Dunbar,* for appellants,

*Messrs. Blease & Merchant, Johnson & Johnson* and *Evans, Galbraith & Holcombe,* for respondent,

March 12, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This action was brought by plaintiff, a minor, by her guardian *ad litem,* to recover damages for personal injuries, which she alleged she suffered from collision with a motor truck driven by Willie Johnson as custodian and driver for John E. Haynes. She alleged that her injuries were caused by the negligence of the defendants, their agents and servants; that the Pennsylvania Casualty Company filed with the Public Service Commission its policy of insurance covering the aforesaid motor truck owned by the defendant, John E. Haynes, and driven by Willie Johnson, as provided for under the terms of the Motor Transportation Act, insuring and indemnifying the plaintiff and all other members of the public against any loss, injury or damage by reason of personal injury as a result of any act of negligence of the operator of the said truck and agreeing to pay any injury or damage that may be caused or recovered on account of the negligent operation of the said truck on the public highways of Spartanburg County.

The defendant, Pennsylvania Casualty Company, moved that the plaintiff be required to make the complaint more definite and certain "by separately stating the various causes

of action united by plaintiff in the complaint." The motion was heard and refused by Judge Sease.

The defendants, Willie Johnson, John E. Haynes and Pennsylvania Casualty Company, filed separate answers.

Willie Johnson's answer was a general denial; that John E. Haynes is the owner of the truck involved in this matter, and that he is engaged with the said truck in hauling only freight for hire in Spartanburg County, S. C., and that he is licensed with the South Carolina Public Service Commission for the sole purpose of hauling freight or property under classification F of Section 8510 of the 1932 Code of S. C.; denies Paragraphs 5 and 6.

For further defense, re-alleges Paragraphs 1 to 5 and alleges further that the plaintiff, Joyce Holder, at the time of injuries, was walking on that part of the public highway which she knew was traveled by the public generally in automobiles; yet, with this knowledge, she carelessly, negligently and recklessly walked along said highway without keeping proper watch, and without listening and looking for approaching traffic; and her own carelessness, recklessness and negligence contributed directly and proximately to her injury, as the sole, or contributory, cause of her injury.

The answer of John E. Haynes, omitting reference to the formal allegations: 2. Admits that he is the owner and operator of the truck involved in this action; that he has had issued to him a Public Service Commission License No. 21, F. 902, and is engaged with the said truck in the business of hauling only freight and property, but denies that he is engaged for hire except so much as relates only of hauling cotton from various cotton gins located in Spartanburg County. Answering only for himself, he denies each and every allegation contained in Paragraph 5; denies Paragraph 6 on lack of information; denies Paragraph 7 and all other allegations of the complaint not specifically admitted.

For a further defense, answering solely for himself, the said defendant alleges that if an accident occurred, as is alleged in Paragraph 5 of the complaint, which is expressly

denied, that the defendant, Willie Johnson, while so operating the said truck, knew he was operating it against specific instructions from its owner, this defendant, that it was without the knowledge, consent or information of John E. Haynes. That the truck was being operated on Sunday solely for the personal use and pleasure of said Willie Johnson, and on a mission and trip foreign to the business for which the truck had been purchased by Haynes and licensed by the South Carolina Public Service Commission. For further defense, there is alleged the negligence, recklessness and carelessness of Joyce Holder in the particulars set out, as contributing directly and proximately to the injury, thereby barring her from recovery from this defendant.

The amended answer of the defendant, Pennsylvania Casualty Company, was: A general denial; admits on information and belief that John E. Haynes is the owner of the named and described truck with Public Service License No. 21 F. 902, and that he is engaged with said truck in hauling only freight and property for hire in Spartanburg County, S. C., and that he is licensed to haul with said truck only freight and property under classification F of Section 8510 of the Code of 1932; denies Paragraphs 5 and 6 of complaint; admits so much of Paragraph 7 as states that Pennsylvania Casualty Company of Lancaster, Pa., has filed with the Public Service Commission of South Carolina its policy of insurance No. 400103, reference to which is hereby prayed for its actual contents; but denies that there is any liability against Pennsylvania Casualty Company by reason of any injuries received by above-named Joyce Holder or anyone else in connection with the use of the truck named in the complaint, at the time said Joyce Holder says she was struck. Denies the remainder of Paragraph 7.

For further defense, re-alleges Paragraphs 1 through 7 of this amended answer, and alleges the following on information and belief: Here follow allegations of negligence, carelessness and recklessness which were the cause of or at least

contributed to, her injuries directly or as the proximate cause thereof.

We have been somewhat, and probably unnecessarily, prolix in setting out the pleadings because of the fact that the grounds of appeal and arguments thereon have taken a wide range, and it is best that the whole matter be before the Court for easy reference.

The case came on to be heard by Judge Wm. H. Grimball and a jury at the fall, 1938, term of the Court of Common Pleas for Spartanburg County.

Motions for nonsuit, directed verdict and new trial were made, at proper times, by the defendants, John E. Haynes and Pennsylvania Casualty Company, and each motion was refused. There was a verdict for the plaintiff, and this appeal followed the refusal of the motion for new trial.

There are 49 exceptions. Appellants' counsel has grouped them, for this hearing, under five questions. In our judgment, it will not be necessary to consider each of these questions in detail.

The primary and vital question is: If the evidence shows that at the time that plaintiff was injured the truck which inflicted the injury was being driven by Willie Johnson, an employee of John E. Haynes, without the knowledge, consent or permission of John E. Haynes, the owner thereof, not in the line of Johnson's duty as such employee and not in or about the business of his employer, but wholly about Johnson's personal affairs and pleasure, is the owner of the truck liable?

Does the solution of the question call into play the doctrine of *respondeat superior?* The application of that rule has taken many variations because of the differing facts of the various cases, since it is often a difficult question to determine when the servant or agent is about the master's business, or has deviated from it to go about his own affairs or pleasures which are wholly unrelated to the master's business and wholly without the scope of the servant's employment.

In the case of *Southwest Dairy Products Company v. De Frates,* a Texas case filed February 22, 1939, and reported in 132 Tex., 556, 125 S. W. (2d), 282, 283, 122 A. L. R., 854, the case was certified to the Texas Supreme Court by the Court of Civil Appeals of the Second Supreme Judicial District, upon the following certification:

"By its first assignment of error appellant insists that the evidence showed conclusively that at the time of the collision Henderson, its employee, was not acting within the scope of his employment and for that reason the Court erred in refusing its motion for an instructed verdict in its favor. * * *

"The certificate is accompanied by a tentative opinion by Chief Justice Dunkin in which the view is expressed that the assignment should be sustained. In this view [says the Texas Supreme Court] we concur. Cases involving facts more or less like the facts of this case are legion. We have considered a great many of them from this and other jurisdictions, but do not find it necessary or desirable to discuss them or even cite many of them. * * * Extensive annotations of the question certified and allied questions may be found in 22 A. L. R., 1397, 45 A. L. R., 477, 68 A. L. R., 1051 and 80 A. L. R., 725." We may add to the above citations. 132 Tex., 556, 125 S. W. (2d), 282, 122 A. L. R., 856.

The Supreme Court of Texas continues: " * * * The relationship between an owner of an automobile and one employed by him to drive it is the same as that between master and servant generally, and the liability of the owner for the negligence of the driver is to be determined by an application of the general rules of law governing the liability of a master for the negligence of his servant. It is the firmly settled rule that when a servant completely departs from his work to accomplish some purpose of his own not connected with his employment, the relation of master and servant is thereby temporarily suspended and the master is not liable for his acts during the period of such suspension. * * * " Citing other authorities from Texas Courts.

There is an exhaustive annotation to this case in 122 A. L. R., 858, covering all phases of this question under the heading "When Owner Does Not Consent." At page 859 this occurs:

"I. General Rule.

"A. Where owner does not consent. (Supplementing annotations in 22 A. L. R., 1397; 45 A. L. R., 478, 68 A. L. R., 1052; and 80 A. L. R., 726.)

"As is stated in the earlier annotations, it is a well-established rule, in the absence of statutes making the owner of an automobile liable for injury or damage inflicted while his car is being operated by another, that the owner is not liable for injury or damage occasioned while his car is being used by his servant on the latter's pleasure or business, without the owner's permission or consent. The following subsequent cases further support this rule: * * *."

There follows the citation of numerous cases from Alabama, Arkansas, District of Columbia, Georgia, Indiana, Kentucky, New Hampshire, Pennsylvania, Tennessee, Texas, West Virginia, Wisconsin, and, we may add, South Carolina.

As is said by the Texas Court, all of the cases in point cannot be set out, yet we venture to cite the case of *Hunt v. Chisholm,* La. App., 183 So., 132, from 122 A. L. R., 862, as an able expression of apt law: "In *Hunt v. Chisholm,* La. App., 1938, 183 So., 132, where an employee of a dry cleaning business, whose duty it was to gather and deliver clothes, was allowed by her employer to park the car during the night at her home, it being understood that the car was not to be used at night, and at the time of the accident was driving the car in the evening to a garage for the purpose of having repairs made to the lights, which had gone out, although she had not been authorized to have any repairs made on the car except the fixing of flat tires, it was held that the employer was not responsible, notwithstanding the claim that in driving the car toward the garage the employee was acting in furtherance of the master's business. While it was

also contended that defendant should be held liable because the injury was caused by a defective, dangerous instrumentality owned by him and operated with his consent, express or implied, the Court declared: 'Of course, a car operated at night in a populous city without lights is a very dangerous agency. But as defendant did not know of the illegal use being made of his car and did not know its lights were not burning, surely he cannot be held responsible for damages directly resulting from the car being operated under such conditions'."

A strikingly apt opinion was that of the Supreme Court of North Carolina in *Re Parrott et al. v. Kantor et al.,* filed December 13, 1939, and reported in 216 N. C., 584, 6 S. E. (2d), 40. Plaintiff's intestate was killed while riding a bicycle on a street in Charlotte. She was killed by collision with an automobile owned by the defendant Kantor, and driven by Albert Grant, then employed by Kantor. It was alleged by plaintiff that the collision was due to the negligence of Albert Grant in the operation of the automobile. It appears from the record that Grant was employed by Kantor to drive some men from Charlotte to Spartanburg, S. C., to take passage on an airplane; Grant was instructed upon his return to take the car to a certain place; that when Grant returned, he deviated from the direct route and went by North Charlotte to visit relatives there, and while returning from there and on his way to park the car at the designated place the collision occurred. There was a verdict and judgment thereon for plaintiff. On appeal the principal and controlling issue was, Is the defendant, Kantor, liable? and that issue was determined by the answer to the question: Was Grant, at the time of the collision, in the employ of Kantor and employed about the business of Kantor within the scope of Grant's employment, or was he still engaged about his own business or pleasure? The Supreme Court of North Carolina said, 6 S. E. (2d), page 43:

"The owner of an automobile is not liable for personal injuries caused by it merely because of its ownership. *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096. *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501. The liability, if any, of the owner of an automobile operated by another rests solely upon the doctrine of *respondeat superior. Leary v. Virginia-Carolina Bank,* 215 N. C., 501, 2 S. E. (2d), 570. This doctrine applies only when the relation of master and servant is shown 'to exist between the wrongdoer and the person sought to be charged for the result of wrong at the time and in respect to the very transaction out of which the injury arose.' *Linville v. Nissen, supra* * * * ; *Martin v. Bus Line, supra; Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849.

"The rule is well established that the master is responsible for the negligence of his servant which results in injury to a third person when the servant is acting in the scope of his employment or about the master's business.

"The rule is also well settled that the master is not responsible for the tort of his servant when done without his authority and not for the purpose of executing his orders, or while doing his work, but wholly for the servant's own purposes and in pursuit of his private or personal ends. *Dover v. Mfg. Co.,* 157 N. C., 324, 72 S. E., 1067, 46 L. R. A. (N. S.), 199 ; *Bucken v. South & W. R. Co.,* 157 N. C., 443, 73 S. E., 137.

\*     \*     \*

"With respect to departure from employment, without consent of owner, 'the general rule is that a servant in charge of his master's automobile, who, though originally bound upon a mission for his master, completely forsakes his employment and goes upon an errand exclusively his own, and while so engaged commits a tort, does not thereby render the master answerable for such tort under the rule of *respondeat superior.'* 5 Blashfield's Cyc. of Automobile Law and Practice, Permanent Edition, Section 3029."

We need not look further than our own reports for ██ ██ authority in support of the rule as it was charged by the trial Judge in the case now on appeal, to wit:

"If you find from the evidence that the truck driver was negligent, wilful or reckless upon the occasion alleged in the complaint but that upon said occasion he was not engaged in the doing of the truck owner's business, but was driving said truck on a trip of his own, the truck owner cannot be held liable for the results of said driver's negligence.

"The master cannot be held liable for the negligent acts or omissions of his servant when not acting within the scope of his employment. The test as to the liability of the master is whether the servant was guilty of negligence in the doing of his master's work."

We hold this to be a correct statement of the law of *respondeat superior*.

Nowhere has this rule of *respondeat superior* been more clearly considered and applied than in the case of *Knight v. Laurens Motor Car Company*, 108 S. C., 179, 93 S. E., 869, L. R. A., 1918-B, 151. The opinion of this Court was delivered by Mr. Justice Gage and still stands as the law of this jurisdiction on the doctrine of *respondeat superior,* and it stands as a monument to the power of analysis and aptness of application of the law to the facts of the learned Justice who wrote it. The facts of the case are thus stated:

"The Laurens Motor Car Company, hereinafter called the Motor Company, operated a garage in the city of Laurens for the sale of cars, the repair of cars, and the transportation of passengers; the defendant, Boyd, a young man 21 years of age, was in the Motor Company's service, carried the keys to the garage, and was a mechanic there; on the night before Thanksgiving, Boyd took a car out of the garage, got into it with another young man named Stone, drove several miles into the country, got two young ladies, and went for a 'joy ride'; the fuel burnt out, and Boyd stopped in the middle of the night at Mr. Knight's residence to supply the car with gasoline; Mr. Knight, with a generosity which merited a

more considerate adjustment of his loss, arose from his bed and gave Boyd a pan and a lantern, directed him to his own car by the barn, and told Boyd he might supply himself with gasoline from that car's tank; Boyd and Stone squatted themselves behind the car, put the lantern beside them, and lossened the plug underneath the tank; the escaping gasoline was ignited by the lantern, and the barn and contents and Knight's auto were consumed by fire.    *    *    *

"There is testimony tending to prove that Boyd was a reckless driver; that he sometimes drove for the Motor Company; that he was drinking on the night of the accident; that he carried a key to the garage; that the President of the Motor Company said to Knight, after the accident, that Boyd should not use the cars again; that Boyd remained in the service of the Motor Company after the event. There is not a word of testimony that Boyd was carrying Stone and the two ladies as passengers, or that he was about the business of the Motor Company on that night. There is no warrant in the testimony for the statement by respondents, in opening the argument here, that Boyd 'took from his employer's garage one of its cars kept therein for the transportation of passengers, etc., and used same in going to, and carrying with him some passengers to, Gray Court, S. C., a town some 10 or 11 miles distant from Laurens. While returning with his passengers from said trip,' etc.

*    *    *

"When Boyd took the car out, and went for the purposes stated, he did not pretend to be acting for the Motor Company; nor, in fact, was he so acting. On the contrary, he was acting for himself, and not at all for the Motor Company. His conduct, therefore, did not purport to be for, and it in fact was not that of, the Motor Company. If that be so, the Motor Company is not liable for the result.    *    *    *"

The judgment below was reversed as to the motor company, with direction to enter judgment for it.

The facts of the case we are considering in this appeal, according to the clear weight of the evidence, may be thus summarized: John E. Haynes was engaged in business at Spartanburg. He owned a motor truck he used in his business in hauling for hire in Spartanburg County; it was licensed by the S. C. Public Service Commission under classification F. Haynes also operated a coal and wood yard. Willie Johnson was his employee and drove this truck in hauling freight and property and in hauling cotton from cotton gins in Spartanburg County, and in delivering coal. The truck was left with Willie Johnson at night for use in delivering coal. He kept it on Sundays, but with strict orders not to use it except for delivering coal at night, and never on Sunday for any purpose. That on the day of the collision in question, which was Sunday, Willie Johnson, without the knowledge, permission or consent of John E. Haynes, was using the truck for his purposes and pleasure, and for purposes wholly without the scope of the business of John E. Haynes, and without the scope of the employment of the said Willie Johnson.

We think there can be no successful refutation of the statement that these facts are proved. It follows that the rule of *respondeat superior* applies, and that John E. Haynes is not liable because of the negligence or actions of Willie Johnson in the operation of the said truck.

We think Judge Sease was right in refusing defendant's motion to require plaintiff to separately state the various causes of action set out in the complaint. On page 406 of the Acts of 1935, the act which amends Section 487 of the Code is ample authority in support of Judge Sease's order refusing the motion. By the specific terms of that Act, in such case, the principal and his surety may be joined in the same action. The exception is overruled.

The respondent presents a novel proposition and argues it with earnestness and ability. The question is, may the insurer in this case, Pennsylvania Casual-

ty Company, be held liable notwithstanding the fact that the owner of the truck is found not to be liable?

The argument is that even if the owner of the truck, Haynes, is not liable, the surety, Pennsylvania Casualty Company, is liable under the terms of Section 8511 of the Code, and under the terms of the policy of insurance.

The trial Judge charged the jury that in order for plaintiff to recover against the insurance company she must satisfy the jury that Willie Johnson is liable and that John E. Haynes is liable. He said: "I charge you that the defendant Pennsylvania Casualty Company is only liable for such damages as defendant John E. Haynes is liable for. * * *." Folio 762. It does not appear that the respondent took any exception to this charge on this point. However, we will proceed to consider the issue presented by the respondent.

In our opinion the owner of the truck is not liable in this action. Can the insurance carrier for Haynes, on the certificate granted him by the Public Service Commission, be held liable notwithstanding? First, is it liable under the provisions of Section 8511?

. The respondent elects to state the proposition in this wise: Does the insurance indemnify the public against only the acts of the owner of the truck or his authorized agent? The argument is that the purpose of the requirement that the owner of the motor vehicle, applying for license, shall procure and file with the Commission insurance or surety bond, is not to protect only against the negligence of the owner and his agents, but from any act of negligence arising from the operation of the truck by anyone. Let us analyze the provisions of Section 8511.

Who is required to procure the insurance or surety bond? It is the applicant for the license; and he must be the owner of the motor vehicle to be licensed. It is hardly to be argued that the owner of the truck would be paying the premium of the insurance against the acts of negligence of anyone save himself or his agents or servants. If the proposition

of the respondent were the law, if any owner of a motor vehicle, who before he can get a license to do business must get insurance or a surety bond, should leave his motor vehicle on the street while attending to his business and someone took possession of it and, while thus unlawfully in possession of it, was guilty of a negligent act inflicting injury on another, could this render the insurance company liable, although neither the owner of the motor vehicle or his agent is liable? The suggestion is utterly illogical. No insurance or surety company would assume any such liability or make any such contract and it would become impossible to comply with this requirement of the Public Service Commission. The contracting parties to this contract of insurance are the owner of the vehicle which is to be licensed and the insurance company. They can bind each other by the terms of their contract for the acts or omissions of each other. But they cannot bind others not parties to the contract, nor be bound by the acts of such others.

We see no ambiguity about this section. For the protection of the public against loss of freight or baggage and for damages from injury through negligence, the law requires that the owner and operator of motor vehicles shall be licensed and shall procure and file with the Public Service Commission indemnity insurance. The owner of the vehicle thus becomes bound for what? Not for acts of negligence of others which inflict injury by persons who are using the motor vehicle without the knowledge, permission or consent of the owner, the insured owner. Any other construction of the Act would be unreasonable.

Section 8511 provides: "That in case the owner of the operated motor carrier is a resident of the State or is a domestic corporation, action may be brought against such party in any county through which the motor carrier operated. * * *." In the event of the unauthorized action of an outsider in the use of the motor vehicle thus insured, would jurisdiction be secured against the wrongdoer and

the insurance company by serving the owner of the vehicle? The proposition is not sound.

The counsel for respondent claim further that their proposition is supported by the terms of the policy and the endorsement thereon. We think a careful study of that language as herein reproduced is the complete refutation of the claim. It conveys to our minds the plain proposition that under the requirement of the Public Service Commission, John E. Haynes had to procure insurance or a surety bond before he would be granted a license to operate his truck. That he and Pennsylvania Casualty Company thereupon entered into a contract of insurance which was binding on them, their agents and servants, but which did not bind them or either of them for the acts of others. Hence, unless Haynes was liable for the negligence himself, or his servants or agents, the insurance company could not be bound.

We think there is no doubt that John E. Haynes is not liable for the negligence of Willie Johnson in these premises, and, hence, Pennsylvania Casualty Company is not liable. In our opinion the trial Judge should have granted the motion for directed verdict for the named defendants. It would be an idle gesture to return the case for retrial.

The judgment of the lower Court is reversed as to John E. Haynes and Pennsylvania Casualty Company, and the case is remanded to that Court with instruction to enter judgment for the said John E. Haynes and Pennsylvania Casualty Company.

Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice E. C. Dennis concur.

Mr. Acting Associate Justice Wm. H. Grimball did not participate.

## On Petition For Rehearing

Mr. Chief Justice Bonham:

We have read with especial care the petition for rehearing in this case.

The testimony upon which petitioners rely to support their argument that there was evidence which required that the case be submitted to the jury on the issue whether Willie Johnson was engaged in the business of his employer, is at best the foundation for speculation and conjecture; and cannot offset the positive and uncontradicted testimony of John E. Haynes that Willie Johnson had been forbidden to use the truck for his private business or pleasure, or his own purposes. We think there can be no reasonable deduction except that Willie Johnson was engaged in the pursuit of his own affairs when the collision occurred, and not engaged in the business of his employment.

In addition to the authorities cited in the opinion, see the case of *Kavanaugh v. Wheeling,* 7 S. E. (2d), 125, a case from the Supreme Court of Appeals of Virginia, filed February 26, 1940, in which the facts are in strict similarity with the facts of this case; and the conclusions of the Court are in exact parallel with ours.

The Court did not overlook the proposition, nor the argument of counsel, that the defendant insurance company is liable, even if J. E. Haynes is not. There is authority for that position; but there is authority against it. In the judgment of this Court, the latter is the sounder doctrine, as stated in our opinion.

The petition for rehearing is denied.

MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.