THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ronnie Armstrong and Tillie Armstrong,       
Appellants,
 
 
 

v.

 
 
 
Food Lion, Inc.,       
Respondent.
 
 
 

Appeal From Fairfield County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-366
Submitted May 12, 2004  Filed June 
 10, 2004

AFFIRMED

 
 
 
Katherine Carruth Link, of Columbia, 
 and Ross Alan Burton, of Winnsboro, for Appellants.
Paul Harrill and Jonathan Milling, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Ronnie and Tillie Armstrong 
 appeal a directed verdict in favor of Food Lion on the Armstrongs claims of 
 assault, battery, and outrage.  We affirm 
 [1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  Hinkle 
 v. Nat. Cas. Ins. Co., 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003) (noting 
 on appeal from the denial of a directed verdict motion, the evidence and inferences 
 must be viewed in the light most favorable to the non-moving party, but the 
 trial court will be reversed only when the ruling is without evidentiary support 
 or controlled by an error of law); Wade v. Berkeley County, 330 S.C. 
 311, 318, 498 S.E.2d 684, 688 (Ct. App. 1998) (noting under the doctrine of 
 respondeat superior, an employer is liable for the torts of his employee committed 
 while the employee is acting within the scope of employment); Lane v. Modern 
 Music, Inc., 244 S.C. 299, 304-05, 136 S.E.2d 713, 716 (1964) (holding plaintiff 
 bears burden of proving the employment relationship and that the employee was 
 acting in the scope of his employment); Vereen v. Liberty Life Ins. Co., 
 306 S.C. 423, 429, 412 S.E.2d 425, 429 (Ct. App. 1991) (holding whether the 
 employee was furthering his employers business is an important factor in determining 
 if he acted within the scope of his employment and, if he act[ed] for some 
 independent purpose of his own, wholly disconnected from the furtherance of 
 his employers business, his conduct f[ell] outside the scope of his employment); 
 Hamilton v. Davis, 300 S.C. 411, 415-17, 389 S.E.2d 297, 299-300 (Ct. 
 App. 1990) (holding where evidence demonstrates without doubt that assault was 
 personal in nature and no evidence showed it was in furtherance of the employers 
 business, the assault was not within the scope of employment); Lane, 
 244 S.C. at 305, 136 S.E.2d at 716 (The act of a servant done to effect some 
 independent purpose of his own and not with reference to the service in which 
 he is employed, or while he is acting as his own master for the time being, 
 is not within the scope of his employment so as to render the master liable 
 therefor.); Holder v. Haynes, 193 S.C. 176, 182-92, 7 S.E.2d 833, 836-39 
 (1940) (finding an auto accident caused by an employee while embarked on a trip 
 wholly unrelated to his employers business did not warrant employer liability, 
 notwithstanding the fact the vehicle was provided by the employer).
AFFIRMED.
HEARN, C.J., STILWELL, J., and CURETON, 
 A.J., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.